Atchison, Topeka & Santa Fe Railway Company *et al.* v. State.

# ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY
## *et al.* v. STATE.

### No. 2029.   Opinion Filed October 29, 1910.

**RAILROADS—Corporation Commission—Orders Appealable.** The Corporation Commission, by order, made the following requirements of all electric and steam railway companies now operating or hereafter constructed in the state, to wit:

"(a) Such railroads shall file with the commission original, corrected, and up-to-date drawings in white or blue print, certified by the chief engineer, showing the location of all right of way, station grounds, real estate, including alignment and profile of the road showing the Oklahoma state line, county lines and in conformity to designated mile posts.

"Up-to-date drawings in white or blue print certified by the chief engineer showing the location and ground plans of structures and buildings owned.

"Blue or white prints of all other original drawings in any way pertinent to any property owned in the state of Oklahoma.

"(b) Shall report under oath the original cost of construction.

"The amount expended for permanent additions and betterments on each individual mile of road, between regularly, up-to-date established and designated mile posts as the unit for all calculations.

"(c) All equipment assignable to Oklahoma to be averaged per mile of road.

"All calculations to be classified in detail in accordance with classifications of expenditures for road and equipment, as per commission's order No. 201.

"(d) If the original cost can not be identified with any primary account named in such classification of expenditures, estimates for each of said accounts may be made on a form prescribed by the company making the report to the commission.

"The original, actual cost of right of way and station grounds shall be shown in all of state reports.

"Detailed reports shall be made on form to be prescribed by the commission.

"At the end of each three months detailed quarterly reports of the cost and location of all completed new construction, or additions, or betterments shall be made and certified by the engineer of the company and shall be accompanied by a white or blue print of original drawings, showing thereon the cost of any and all such completed construction, additions, or betterments, in the state of Oklahoma."

**Held,** that an appeal will not lie to the Supreme Court of the state to review such order.

(Syllabus by the Court.)

*Appeal from the Corporation Commission.*

From an order of the Corporation Commission the Atchison, Topeka & Santa Fe Railway Company and others appeal. Appeal dismissed.

*Cottingham & Bledsoe,* for appellants.

*Charles L. Moore,* Assistant Attorney General, for appellee.

WILLIAMS, J. This appeal is from final order No. 367, made and entered by the commission, which makes the following requirements of all the electric and steam railways now operating or hereafter constructed in the state of Oklahoma:

"(a) 1. Such railroads shall file with the commission original, corrected and up-to-date drawings in white or blue print, certified by the chief engineer, showing the location of all right of way, station grounds, real estate, including alignment and profile of the road, showing the Oklahoma state line, county lines, and in conformity to designated mile posts.

"2. Up-to-date drawings in white or blue print, certified by the chief engineer, showing the location and ground plans of structures and buildings owned.

"3. Blue or white prints of all other original drawings in any way pertinent to any property owned in the state of Oklahoma.

"(b) 1. Shall report under oath the original cost of construction.

"2. The amount expended for permanent additions and betterments on each individual mile of road, between regularly, up-to-date, established and designated mile posts as the unit for all calculations.

"(c) 1. All equipment assignable to Oklahoma to be averaged per mile of road.

"2. All calculations to be classified in detail in accordance with the classifications of expenditures for road and equipment, as per commission's order No. 201.

"(d) 1. If the original cost cannot be identified with any

primary account named in such classification of expenditures, estimates for each of said accounts may be made on a form prescribed by the company making the report to the commission.

"2. The original, actual cost of right of way and station grounds shall be shown in all of said reports.

"3. Detailed reports shall be made on form to be prescribed by the commission.

"(e) 1. At the end of each three months detailed quarterly reports of the cost and location of all completed new construction, or additions, or betterments, shall be made and certified by the engineer of the company, and shall be accompanied by a white or blue print of original drawings, showing thereon the cost of any and all such completed construction, additions or betterments, in the state of Oklahoma."

An appeal having been prosecuted from said order, the Assistant Attorney General, Charles L. Moore, presents a motion to dismiss said appeal on the ground that this court has no jurisdiction to review, by way of appeal, such order.

In *St. L. & S. F. Ry. Co. v. State et al.*, 24 Okla. 805, 105 Pac. 351, it was held:

"An appeal will not lie to the Supreme Court of the state to review the action of the Corporation Commission in requiring all railroad companies and street car companies operating within the state, upon the happening of an accident, to send report thereof, both by telegraph and mail, to the Corporation Commission at its office in Guthrie."

This case was also followed and approved in *Atchison, Topeka & Santa Fe Railroad Co. v. State*, 24 Okla. 807, 105 Pac. 352 Said cases construed that part of section 20 of art. 9 of the Constitution of this state which provides that "from any action of the commission prescribing rates, charges or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences or public service of any transportation or transmission company, or refusing to approve a suspending bond, or requiring additional security thereon or an increase thereof, as hereinafter provided for, an appeal (subject to such reasonable limitations as to time, regu-

lations as to procedure and provisions as to cost, as may be prescribed by law) may be taken by the corporation whose rates, charges or classifications of traffic, schedule, facilities, conveniences or service are affected, or by any person deeming himself aggrieved by such action, or (if allowed by law) by the state." It is insisted by the appellants that the court was in error in this construction. It is conceded that the order appealed from in this case does not affect a rate, charge or classification of traffic or train schedule, but it is contended that it requires "additional facilities or conveniences." In order to determine the meaning of this particular part of said section 20, it is permissible to look to section 18 of the same article, wherein it is provided:

"The commission shall have the power and authority and be charged with the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this state, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations and requirements the commission may, from time to time, alter or amend."

The same terms are used in section 18 as in section 20, except in the inverse order. The authority is conferred in section 18 to require transportation and transmission companies to establish and maintain all such "public service, facilities and conveniences," which evidently means the establishing and maintaining of service, facilities and conveniences for the patronizing public, and not facilities or conveniences for the commission in the discharge of its official duties. The order in question seems to have been entered by the commission under the following provision of said section 18:

"The commission shall have the right at all times to inspect

the books and papers of all transportation and transmission companies doing business in this state, and to require from such companies, from time to time, special reports and statements, under oath, concerning their business; it shall keep itself fully informed of the physical condition of all the railroads of the state, as to the manner in which they are operated with reference to the security and accommodation of the public, and shall, from time to time, make and enforce such requirements, rules and regulations as may be necessary to prevent unjust or unreasonable discrimination and extortion by any transportation or transmission company in favor of, or against any person, locality, community, connecting line, or kind of traffic, in the matter of car service, train or boat schedule, efficiency of transportation, or transmission, or otherwise, in connection with the public duties of such company."

Orders calling for information to be utilized by the commission in the discharge of its official duties, if appealable, would be subject to be suspended by writ of supersedeas. (Sec. 21, art. 9, Const.) It seems not to have been intended to permit such orders to be appealed from and superseded. Such seems also to be the rule in other states having similar provisions, even going to the extent of not permitting appeals from any administrative order of the commission. *Minn. & St. L. Ry. Co. v. Railroad Com.*, 44 Minn. 336; *Grand Rapids & Ind. R. Co. et al. v. R. Com. of Ind.*, 38 Ind. App. 657.

The motion to dismiss the appeal is sustained.

All the Justices concur.