## ATCHISON, T. & S. F. RY. CO. *et al.* v. STATE.

### No. 1942. Opinion Filed January 10, 1911.

RAILROADS—Corporation Commission—Orders Appealable. The repeal of an administrative order made by the Corporation Commission providing for the enforcement of certain penalties against passengers who board trains without purchasing tickets, is not appealable.

(Syllabus by the Court.)

*Appeal from the Corporation Commission.*

*Cottingham & Bledsoe, R. A. Kleinschmidt, C. O. Blake,* and *Lovic P. Miles,* for appellants.

*Chas. West,* Attorney General, and *E. G. Spilman,* Assistant Attorney General, for appellee.

DUNN, C. J. This case presents an appeal from an order cf the Corporation Commission, dated June 28, 1910, repealing an order made on May 1, 1909, which is as follows:

"All passengers boarding trains without tickets at stations where tickets are sold may be required to pay the following schedule of penalties in addition to the regular, authorized fare: When the fare is fifty cents or less, a penalty of ten cents. When the fare is more than fifty cents and less than one dollar and fifty cents, a penalty of twenty-five cents. When the fare is one dollar and fifty cents or more, a penalty of fifty cents. Provided, however, that such passengers shall have the privilege of purchasing tickets at the first station where tickets are sold, at which the train stops, in which case the minimum penalty shall apply if they so purchase tickets."

The question which first presents itself to us for our consideration is whether the order is appealable.

Section 20 of art. 9, p. 258, Snyder's Constitution of Oklahoma, provides:

"From any action of the commission prescribing rates, charges or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company, or refusing to approve a suspending bond, or requiring additional security thereon or an increase thereof, as hereinafter provided for, an appeal (subject to such reasonable limitations as to time, regulations as to procedure and provisions as to cost, as may be prescribed by law) may be taken by the corporation whose rates, charges, or classifications of traffic, schedule, facilities, conveniences, or service, are affected, or by any person deeming himself aggrieved by such action, or (if allowed by law) by the state."

If this court has jurisdiction of this cause on appeal, it must be found within the terms of the foregoing provision. It is to be noted that the order repealed neither provides for classification of traffic, nor does it affect any train schedule or require any additional facilities, conveniences, or public service of any transportation company, nor does it refuse to approve a suspending bond or require additional security thereon. That it is not a rate, we think must be conceded, and this being eliminated resolves it down to the one element, to wit, charges. Does the order made fall within the purview of the provision which provides that an appeal will lie from any action of the commission prescribing a charge. It will be noted that the money to be paid under this order is not denominated a charge, but that it is called a penalty, and it is not a penalty assessed against the appellants, but it is a penalty which may be imposed by them as agents of the state upon those who, taking passage, neglect to first purchase tickets before boarding trains. The reason and purpose for the order is set out in the finding by the commission as follows:

"The commission initiated proposed order No. 41 (order No. 177) upon its own motion, for the reason that it was believed that if an order were promulgated which might result in causing passengers to purchase tickets, it would not only be of service to the railroads in receiving a greater portion of the fares paid, but would

facilitate the work of their auditors and conductors, and would be invaluable to the commission in ascertaining the amounts of passenger receipts upon all lines, in undertaking to sustain the two cent per mile passenger rate in the future. The evidence shows that the work incident to the collection of cash fares, in looking up rate, making change and answering inquiries relative to distance and amounts of fares, takes up a great deal more time than simply collecting tickets. * * * If the state of Oklahoma sustains the two cent per mile passenger rate upon its railroads it will necessarily require the means of this commission obtaining the information to show that the earnings from passenger receipts are sufficiently remunerative upon the basis of two cents per mile; and the only satisfactory means of obtaining such earnings is through checking ticket sales at stations."

In the opinion by the commission repealing this order, it is stated:

"The order No. 177 was issued by this commission as a direct result of the reduction of passenger fare in this state from the rates prevailing under territorial conditions to the two-cent fare as provided by the Oklahoma Constitution, this reduction in fares having occasioned an immediate and extensive increase in passenger traffic on railroads in this state. This commission appreciated the fact that this increase in traffic took place, and endeavored by the adoption of this order to enable the railway companies to handle such traffic with the utmost convenience to themselves. Since the order No. 177 became effective, certain of the Oklahoma railroads have secured an injunction restraining this commission from enforcing the two-cent fare provision of the Oklahoma Constitution, and have reinstated the higher fares upon their lines. By this act they have removed the consideration upon which order No. 177 rested, and, after a careful consideration of the evidence at the hearing on the proposed order to repeal order No. 177, it appears to this commission that such order should be modified to the extent that it shall be operative only upon roads and against passengers where the two-cent fare is in effect."

Concluding, as we do, that the imposition of the penalty provided for is not a charge, as that word is used in the section of the Constitution quoted, there is no sanction in the Constitution or the law for the Supreme Court entertaining an appeal from an

order such as this, and any discussion of the reasoning of the commission upon which its conclusion is founded would be inappropriate and gratuitous. The order originally made was administrative in its character. It placed no burden upon the railroads, and its repeal is likewise an exercise of the same power; and, finding no authority giving this court jurisdiction to entertain an appeal from the order made, the proceeding in this court is, accordingly, dismissed. See *A., T. & S. F. Ry. Co. et al. v. State of Oklahoma*, 27 Okla. 329; *St. Louis & S. F. Ry. Co. v. State of Oklahoma et al.*, 24 Okla. 805, 103 Pac. 351.

All the Justices concur.