ST. LOUIS & S. F. R. CO. v. STATE *et al.*

No. 2234.   Opinion Filed May 9, 1911.

**CORPORATION COMMISSION—Jurisdiction of Supreme Court—Appeals From Orders of Commission—Crossings of Highways and Railways.** Where the only question presented for review on appeal by a railway company from an order of the Corporation Commission is whether the commission committed error in ordering the railway company to open up an alleged public highway across the railway company's line of railway by constructing a crossing at the intersection of the highway and the railway, the appeal will be dismissed for want of jurisdiction.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceeding by the State, Lynn Lane Township, and others against the St. Louis and San Francisco Railroad Company. From an order in favor of petitioners, the railroad company appeals. Dismissed.

*W. F. Evans* and *R. A. Kleinschmidt,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellees.

HAYES, J.   This is an appeal from an order of the Corporation Commission. The proceeding was begun before the commission by the filing of an application by Lynn Lane township of Tulsa county and certain residents thereof for an order of the commission directing appellant to open up a certain highway across its line of railway by constructing across its line of railway at the point where the highway intersects it a subway crossing. Petitioners allege in their petition that appellant is engaged in operating a line of railway within the state; and that its line of railway intersects with the section line running north and south between ranges 12 and 13 east, township 19 north, in road district No. 4, Lynn Lane township, Tulsa county, about 100 yards north of the north boundary line of Tulsa in

said county. The petition alleges that the municipal authorities of said township, on the first day of November, 1909, ordered said highway across appellant's line of railway opened up and put in condition for public travel; and alleges in detail the performance of all things required to be done by the municipal officers to open up a public highway. It is also alleged that, owing to the elevation of the railway track of the company at the point where the public road crosses said railway, a grade crossing at said point would be difficult to construct and maintain and it would be a constant menace and peril to the public welfare and safety. Other matters are alleged in the petition, which are not necessary to set out here, and the petitioners pray for an order of the commission directing appellant to construct a subway crossing at said point in the public highway, and to maintain the same unobstructed and in good condition for public travel.

No answer was filed to the petition, but at the trial evidence was taken both on behalf of petitioners and appellant. The evidence on behalf of the petitioners is to the effect that at the point where the alleged highway intersects with appellant's line of railway, appellant's railway track is upon an embankment about twelve feet above the surface of the ground, which renders travel over the highway by the public at that point impossible, and there was considerable evidence on the part of petitioners introduced for the purpose of showing that a subway crossing would be more practicable, serviceable, and less dangerous and expensive than a grade crossing. Appellant introduced evidence for the purpose of showing that there is no public highway across its line of railway at the point alleged, and that a grade crossing would be practicable and serviceable for all purposes required of the traveling public, and much less expensive to construct than a subway crossing.

The Corporation Commission, in an opinion of considerable length, directed principally to the discussion of its jurisdiction to direct the opening up of this alleged highway by requiring appellant to construct a crossing, and to the question of whether

there is in fact a public highway across appellant's line of road at said point, found as a fact that a grade crossing cannot be established at the place required with due safety to the public travel, and ordered appellant to construct a subway crossing. In its petition in error appellant has made fifteen assignments of error, among which are that the order of the commission is not sustained by the evidence; that it is unreasonable and unjust; but, in the argument in its brief, these assignments are not set out, nor is any argument made or authorities given in support thereof; and, under rule 25 of this court (20 Okla. xiii), these assignments will be deemed to have been waived in so far as they refer to the order of the commission as to the character of crossing that should be put in.

Appellant in its brief submits three propositions as bases for reversal of the commission's order, which are as follows: First. That the Corporation Commission is without authority or jurisdiction to require a crossing at the place in question, since no road or highway has been legally extended across appellant's right of way, which it owns in fee. Second. That the order of the commission is violative of the 5th and 14th amendments of the federal Constitution and of the 7th and 24th sections of article 2 of the Constitution of the state, in that the order attempts to take appellant's property without due process of law and just compensation. Third. That the Corporation Commission is without jurisdiction or authority to regulate the crossing of public highways and railways. It is not contended in the brief that, if there is a public highway across appellant's railway at the point alleged in the petition before the Corporation Commission, the character of crossing ordered to be put in imposes upon appellant an unreasonable or unjust burden, or is not justified by the evidence. All the propositions of law presented in appellant's brief for our consideration are directed to the one question: Whether the commission erred in making its order requiring appellant to open up the alleged highway across its track by constructing the required crossing, thereby removing the obstruction

which the embankment of appellant's railway now forms across the alleged highway. This presents the same question as to the jurisdiction of this court as was presented in *Atchison, Topeka and Santa Fe Ry. Co. v. State and J. R. Dean (ante)*, decided at this term, wherein it was held that this court is without jurisdiction to review on appeal an order of the Corporation Commission requiring a railway company to open up a public highway by removing obstructions therein; and upon the authority of that case this proceeding is dismissed.

All the Justices concur.