## COOPER et al. v. CHICAGO, R. I. & P. RY. CO.

No. 2745.   Opinion Filed January 9, 1912.

(121 Pac. 654.)

RAILROADS — Supervision—Corporation Commission—Appeal. Section 20, art. 9, of the Constitution, which provides that ''from any action of the commission prescribing rates, charges, or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company, * * * an appeal * * * may be taken by the corporation whose rates, charges, or classifications of traffic, schedule, facilities, conveniences, or service are affected,'' confers appellate jurisdiction upon the Supreme Court in all actions before the Corporation Commission wherein it is sought to regulate the management and operation of transportation companies within the state in the interest of persons who use such companies for the trans-

portation of themselves or their property, and does not apply to actions for the correction of abuses disconnected from such services.

(Syllabus by the Court.)

### Appeal from State Corporation Commission.

Proceedings by C. P. Cooper and others before the Corporation Commission against the Chicago, Rock Island & Pacific Railway Company. From an order of the commission denying the prayer of the complaint, complainants appeal. Dismissed.

*T. C. Whitely,* for plaintiffs in error.

*Dale, Bierer & Hegler* and *C. O. Blake,* for defendant in error.

DUNN, J. This case presents an appeal from an order of the Corporation Commission denying the prayer of a complaint filed before it for the purpose of securing an order compelling the defendant in error to build a viaduct over and across one of the streets of Guthrie, which it appears had been previously vacated, and an easement thereto vested in the railway company. The order prayed for was by the commission denied, and one of the complainants, as plaintiff in error, has sought to appeal to this court. A motion to dismiss the appeal was lodged June 27, 1911, on the ground that this court has no jurisdiction of said appeal for the reason that the order made is not, under the terms of section 20 of article 9 of the Constitution of Oklahoma, made appealable. The same must be sustained. In support of the conclusion to which we have come, see *A., T. & S. F. Ry. Co. v. State of Oklahoma and J. R. Dean,* 28 Okla. 797, 115 Pac. 872; *St. Louis & San Francisco R. Co. v. State et al.,* 28 Okla. 802, 115 Pac. 874; *A., T. & S. F. Ry. Co. et al. v. State,* 28 Okla. 12, 115 Pac. 1101; *Atchison, T. & S. F. Ry. Co. et al. v. State,* 28 Okla. 465, 114 Pac. 722; *A., T. & S. F. Ry. Co. et al. v. State,* 27 Okla. 329, 117 Pac. 328; *St. Louis & S. F. R. Co. v. State et al.,* 24 Okla. 805, 105 Pac. 351; *A., T. & S. F. Ry. Co. v. State et al.,* 24 Okla. 807, 105 Pac. 352; *A., T. & S. F. Ry. Co. v. State et al.,* 28 Okla. 805, 115 Pac. 875.

It therefore follows that the motion to dismiss is sustained.

All the Justices concur.