## ST. LOUIS & S. F. R. CO. v. MILLER *et al.*

No. 3218.   Opinion Filed March 12, 1912.

Rehearing Denied May 28, 1912.

(123 Pac. 1047.)

1.   RAILROADS—Regulation—Decisions of Corporation Commission —Review.   Where the question presented for review on appeal by a railway company from an order of the Corporation Commission is whether the Commission committed error in ordering the railway company to open up an alleged public highway across the railway company's line of railway by constructing a crossing at the intersection of the street and the railway, the appeal will be dismissed for want of jurisdiction.

2.   SAME.   Where the question presented for review on appeal by the railway company from an order of the Corporation Commission is whether the Commission committed error in ordering the railway company to remove its stock pens from a certain place on its right of way, and to relocate them at another place designated in such order, such order, under section 20 of article 9 of the Constitution, is reviewable on an appeal to this court.

3.   SAME—Jurisdiction of Corporation Commission.   The jurisdiction of the Corporation Commission does not depend upon the form or sufficiency of any pleading; the test being, not the relief prayed for, but that granted.

  (a)   It is not essential for any petition to be filed, but that notice shall be had on the company or corporations to be affected.

4.   SAME — Regulation—Corporation Commission—Petition.   It not appearing from the record that on account of the insufficiency of the complaint or petition or the notice the appellant was sur-

St. Louis & S. F. R. Co. v. Miller et al.

prised or misled, nor any application for continuance on the ground of such insufficiency and surprise, etc., being filed, no prejudicial error appears on review here.

5.    SAME—Review.  An order requiring the removal and relocation of stock pens is not only legislative, but also administrative, in its character, and when entered by the Commission is presumed to be reasonable and just; and, when the evidence reasonably sustains such an administrative order, it will not be disturbed on review in this court.

(Syllabus by the Court.)

*Appeal from State Corporation Commission.*

Appeal by the St. Louis & San Francisco Railroad Company from an order of R. J. Miller and others, as the Corporation Commission.  Appeal dismissed in part, and order affirmed.

*W. F. Evans* and *R. A. Kleinschmidt,* for appellant.

*Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J.  It is moved on the part of appellees to dismiss the appellant's appeal from that part of the Commission's order, No. 482, sought to be appealed from, to wit:

"Requiring grade crossings and removal of stock pens, at Fourth avenue, in the incorporated town of Stroud, for the reason that such portions of said order relate to subject-matter not reviewable by this court on appeal from the Corporation Commission, under section 20 of article 9 of the state Constitution, and because no appeal is sought or attempted from those portions of the order relating to repair of the depot platform, the putting of the approaches thereto in safe condition, the keeping of the platform properly lighted and the premises free from stagnant water."

Counsel for appellant in their brief state:

"This is an appeal from that portion of order No. 482 of the Corporation Commission, promulgated on the 2d day of June, 1911, which requires the St. Louis & San Francisco Railroad Company, hereinafter referred to as defendant, to open Fourth avenue across its right of way at Stroud, Okla., and install crossing facilities, and to remove the stock pens from the present location on its right of way."

1.  In *Atchison, T. & S. F. Ry. Co. v. State et al.,* 28 Okla. 797, 115 Pac. 872, the syllabus is as follows:

"Section 20, art. 9, of the Constitution, which provides that, 'from any action of the Commission prescribing rates, charges, or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company * * * an appeal * * * may be taken by the corporation whose rates, charges, or classification of traffic, schedule, facilities, conveniences, or service are affected,' confers appellate jurisdiction upon the Supreme Court in all actions. before the Corporation Commission, wherein it is sought to regulate the management and operation of transportation companies within the state in the interest of persons who use such companies for the transportation of themselves or their property, and does not apply to actions for the correction of abuses disconnected with such services."

That was an appeal from an order of the Corporation Commission requiring the appellant to remove such obstructions as would be dangerous to public travel, and put in a safe and adequate crossing across its track at Second, Third, Fourth, Fifth, and Sixth streets, in the town of Woodward. The complaint alleged, in substance, that the Atchison, Topeka & Santa Fe Railway Company obstructed and blockaded a number of streets in said city by constructing and maintaining there railroad grades and constructing the tracks thereon, thereby making it impossible to cross the same in the transaction of the business of the citizens of the city of Woodward; and that such action thereby arbitrarily deprived said citizens of the free public use of said streets where they cross the right of way of such railway company. The order entered by the Corporation Commission upon said complaint was held not to be appealable to this court.

In *St. Louis & S. F. R. Co. v. State et al.,* 28 Okla. 802, 115 Pac. 874, the syllabus is as follows:

"Where the only question presented for review on appeal by a railway company from an order of the Corporation Commission is whether the Commission committed error in ordering the railway company to open up an alleged public highway across the railway company's line of railway by constructing a crossing at the intersection of the highway and the railway, the appeal will be dismissed for want of jurisdiction."

The foregoing cases were followed in *Atchison, T. & S. F. Ry. Co. v. State et al.,* 28 Okla. 805, 115 Pac. 875.

In *Cooper v. Chicago, R. I. & P. Ry. Co., ante,* 121 Pac. 654, it was held that an appeal will not lie to this court from an order of the Corporation Commission denying a petition to require the appellant to install and maintain a viaduct.

It follows that that part of the order requiring the appellant to open Fourth avenue across its right of way at Stroud, Okla., and install crossing facilities, is not appealable to this court; and the appeal, to that extent, is dismissed and the supersedeas vacated.

2. As to that portion of the order requiring the appellant to remove its stock pens from the present location and to re-establish them at another location on its right of way, it appears to be appealable.

In *St. Louis, I. M. & S. Ry. Co. v. State,* 28 Okla. 372, 111 Pac. 396, 114 Pac. 1096, an appeal from an order of the Commission requiring the appellant to remove its stock pens from a certain location in Nowata, Okla., to be reconstructed in a suitable and accessible location in said town, was affirmed. Appellate jurisdiction of said order appears to have been exercised in that case without question.

The term "facilities," as used in section 20, art. 9, of the Constitution, includes a railroad depot. *M., O. & G. Ry. Co. v. State,* 29 Okla. 640, 119 Pac. 117; *St. Louis & S. F. R. Co. v. Sutton et al.,* 29 Okla. 553, 119 Pac. 423. Stock pens for receiving cattle for the purpose of shipment over appellant's line of railway are as much a facility as a depot is for the convenience of the traveling or the shipping public. It follows that as to that portion of the order relating to the stock pens an appeal will lie to this court; and to that extent the motion to dismiss is overruled.

3. Is that part of said order requiring the removal and re-location of the stock pens just, reasonable, and valid? The following assignments of error thereto are made in the brief: (1) The complaint did not state sufficient facts to constitute a cause

of action. (3) The hearings in which the evidence was received were conducted by only one of the members of the Commission and the secretary thereof. (4) That said order is unreasonable and unjust.

As to the alleged insufficiency of the complaint, the filing of same is not essential to jurisdiction. *St. Louis & S. F. R. Co. v. Williams et al.,* 25 Okla. 662, 107 Pac. 428; *Hine v. Wadlington et al.,* 27 Okla. 285, 111 Pac. 543.

Neither does it appear from the record that, on account of the alleged insufficiency of the complaint or petition, the appellant was surprised or misled; nor was any application for a continuance on such ground made. It follows that no prejudicial error in that respect is shown in favor of the appellant. *St. Louis & S. F. R. Co. v. Williams et al., supra.*

As to the evidence having been heard before one of the Commissioners and the secretary, such officer was authorized by law to administer oaths. It is the duty of the Commission to have a record made. *Atchison, T. & S. F. Ry. Co. v. Love et al.,* 23 Okla. 192, 99 Pac. 1081; *Kansas City Southern Ry. Co. v. Love et al.,* 23 Okla. 224, 100 Pac. 22. Such being the case, after such evidence was heard and made of record, it was then permissible for a quorum of said Commission to consider the same and enter an order thereon.

As to cases where closely controverted questions of fact are presented, and the party or parties thereto demand a hearing before a quorum of the Commission, in order that the Commissioners might see the witnesses face to face, so as to determine their credibility, and where a quorum of the Commission refuse to hear such oral evidence, such a case is not before us for consideration; and no opinion is now expressed as to whether, under a proper state of facts, error would thus arise.

That part of the order requiring the appellant to remove the stock pens is presumed to be just and reasonable. An order fixing the place for the location of stock pens is not only legislative, but also administrative, in its character. We are very loath to disturb such orders, not only as a matter of principle, but

of practice; and, in view of the *prima facie* presumption that exists in favor of this part of the order, the same is affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; KANE, J., absent, and not participating.