## ST. LOUIS & S. F. R. CO. v. LEWIS *et al.*

### No. 2087.   Opinion Filed March 21, 1911.

#### (114 Pac. 702.)

1. **RAILROADS—Street Crossings—Power of Corporation Commission.** Under the power conferred by section 18, art. 9. of the Constitution, to supervise, regulate, and control all transportation and transmission companies doing business in this state in all matters relating to their public duties, and of correcting abuses, the Corporation Commission has authority to require a railway company to guard the intersections of its tracks with the streets of a city of the first class when they have become dangerous to the life or safety of the persons or their property using such railway for transportation as common carriers, by reason of the press of travel along the streets forming such crossings.

2. **CORPORATIONS—Prosecution Before Corporation Commission—Parties.** Complaints against a public service corporation may be prosecuted before the Corporation Commission in the name of the state upon complaint by a private citizen who may be affected by the alleged violation of public duty.

3. **RAILROADS—Street Crossings—Maintaining Flagman—Powers of Corporation Commission.** The fact that the relief granted incidentally casts upon the railway company the burden of maintaining a flagman at a street crossing in no wise interferes with the exercise of the police power conferred upon the Corporation Commission to interfere when such crossings become dangerous by reason of frequency of travel.

4. **SAME—Reasonableness of Order—Evidence.** Evidence examined. and held to sustain the findings of the commission as to the reasonableness of the order appealed from.

(Syllabus by the Court.)

### *Appeal from Corporation Commission.*

Action by James L. Lewis and the State against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Chas. West,* Atty Gen., and *E. G. Spilman,* Asst. Atty Gen., for defendants in error.

KANE, J. This is an appeal from an order of the Corporation Commission requiring the St. Louis & San Francisco Railroad Company to establish and maintain at the Fourth and Sixth street crossings of its tracks, in the city of Lawton, flag stations and flagmen, and prescribing their duties. The complaint is made by one James L. Lewis, and as grounds for complaint he alleged: (1) That said crossings of said road on Third, Fourth, and Sixth streets of said city of Lawton are dangerous to travelers; (2) no gates or flagmen are maintained; (3) cars are kept standing on the side tracks and the crossing so that they obstruct the view of approaching trains; (4) crossings are blocked for unreasonable time. After hearing, the Corporation Commission entered the order appealed from, and the railroad company contends that it ought to be reversed for the following reasons: (1) It appears upon the face of said complaint that the streets upon which the plaintiff prays for flagmen to be stationed are wholly within the corporate limits of the city of Lawton and supervision over, and regulation as to such street crossings with reference to making the same safe for public use is wholly within the control of the mayor and city council of said city. (2) The plaintiff herein is not the proper party to maintain said action. (3) The commission is without jurisdiction to hear said complaint and to make said order, for the reason that it could not judicially determine upon whom the burden of maintaining such flagmen should fall. (4) Said order is not sustained by sufficient evidence, and is unreasonable and unjust to the railroad company.

None of these contentions can be sustained. Section 18, art. 9, of the Constitution, confers upon the commission power and authority to supervise, regulate, and control all transportation and transmission companies doing business in this state in all matters relating to the performance of their public duties and their charges and tariffs and of correcting abuses. Counsel for the railway company contend that the primary object the framers of the Constitution had in mind when the above section was passed was the regulation of freight and passenger tariffs on the rail-

ways within the state, and the abuses the Corporation Commission is authorized to correct must be such as pertain to that branch of the service. The same contention was made in *M., K. & T. Ry Co. v. Richardson, Judge, et al.,* 25 Okla. 640, 106 Pac. 1108. In that case, after analyzing section 18, *supra,* it was said:

"It is true the section refers with more particularity to the regulation of rates, charges, and classifications than any other subject; but, taking the language of the parts of the section quoted together, and construing it with other language in other sections relating to the same subject, there is apparent an intention on the part of the framers of the Constitution to invest the commission with jurisdiction over all transportation and transmission companies in all matters relating to the performance of their public duties, and to correct abuses affecting the general public in their intercourse with such companies."

If we apply the principle above enumerated to the facts in the case at bar, we must reach the conclusion that under the power conferred by section 18, art. 9, of the Constitution, to supervise, regulate, and control all transportation and transmission companies doing business in this state in all matters relating to their public duties, and of correcting abuses, the Corporation Commission has authority to require a railway company to guard the intersections of its tracks with the streets of a city of the first class when they have become dangerous to the life or safety of the persons or their property using such railways for transportation as common carriers, by reason of the press of travel along the streets forming such crossings. Entertaining this view of the law, it follows that the contention of counsel that matters of this kind are wholly within the control of the mayor and city council of said city is untenable.

The next contention we think is without merit. If the matter in controversy is one of public concern, it is properly prosecuted by the state upon the complaint of a private individual.

In support of its next contention, plaintiff in error cites a line of authorities to the effect that "whether the erection and maintenance

of gates or the employment of flagmen were at the time of condemnation necessary for the proper protection of the company and the *traveling* public was a question of fact for the jury." (*Com'rs of Parks and Blvds. of Detroit v. Chicago, D. & C. G. T. J. R. Co. et al.*, 91 Mich. 291, 51 N. W. 934.) These cases have reference to condemnation proceedings, and are not authority on the question now under discussion. The principle involved in the case at bar is the power of the Corporation Commission to exercise the police powers of the state to require the railway company to guard its crossings after they have become dangerous to the life or safety of the persons or their property using such railway for transportation by reason of the frequency of travel along the streets or highways forming such crossings. That this distinction is recognized in the case above cited by counsel is made apparent by an excerpt from the opinion of the court by Justice Grant:

"We see no reason to change the rule laid down in *Commissioners of Parks, etc., v. Michigan Cent. R. Co., supra* [90 Mich. 385, 51 N. W. 447], in regard to damages for the erection and maintenance of gates or for flagmen. If the jury shall be satisfied from the evidence that either are necessary for the protection of the public, the respondents are entitled to compensation therefor. This in no wise interferes with the police power conferred upon the Railroad Commissioner to interfere when such crossings shall have become dangerous by reason of the frequency of travel along the highways."

The paramount question in this case is the duty of the railway company to maintain flagmen at dangerous crossings for the protection of the public. If there is an incidental question, as to upon whom the burden of maintaining such flagmen should fall, there is a way to have it judicially determined, but in the meantime the rights of the public cannot be jeopardized.

The remaining contention, that the order is unreasonable and unjust, cannot be sustained. The commission found, and there was evidence to support their finding, that there is heavy traffic both by foot and vehicle over the crossings ordered protected; that the defendant company constantly uses its tracks close to

such crossings for the purpose of storing cars, thereby obstructing a view of the tracks and making it difficult to see approaching trains; that accidents have occurred at these crossings, due to the inability of persons attempting to cross the tracks to see the approaching trains; and that there was danger of a recurrence of such accidents if the same conditions continue to prevail. Under such circumstances, it cannot be said that the order made was unreasonable or unjust. The order provides the ordinary and presumably the best way to protect the public from injury at railway crossings in cities and other places where the travel is heavy and the probability of injury is correspondingly great.

Finding no reversible error in the record, the order of the Corporation Commission is affirmed.

All the Justices concur.