ATCHISON, T. & S. F. RY. CO. v. STATE *et al.*

No. 1977. Opinion Filed May 19, 1911.

**CORPORATION COMMISSION—Appeals from Orders—Jurisdiction of Supreme Court.** Section 20, article 9, of the Constitution, which provides that, "From any action of the commission prescribing rates, charges, or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company * * * an appeal . * * * may be taken by the corporation whose rates, charges, or classification of traffic, schedule, facilities, conveniences, or service are affected," confers appellate jurisdiction upon the Supreme Court in all actions before the Corporation Commission wherein it is sought to regulate the management and operation of transporta-tion companies within the state in the interest of persons who use such companies for the transportation of themselves or their property, and does not apply to actions for the correction of abuses disconnected from such services.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceeding by the State and J. R. Dean against the Atchison, Topeka and Santa Fe Railway Company. From an order in favor of petitioners, the railway company appeals. Appeal dismissed.

*Cottingham & Bledsoe,* for appellant.

*Charles West,* Atty. Gen., *C. L. Moore,* Asst. Atty. Gen., and *C. J. Davenport,* for appellee.

KANE, J. This is an appeal from an order of the Corpora-tion Commission requiring the appellant to remove such obstruc-tions as would be dangerous to public travel, and put in a safe and adequate crossing across its track at Second, Third, Fourth, Fifth, and Sixth streets, in the town of Woodward. The complaint al-

leges, in substance, that the Atchison, Topeka and Santa Fe Railway Company obstructed and blockaded a number of streets in said city by constructing and maintaining there railroad grades and constructing the tracks thereon, thereby making it impossible to cross the same in the transaction of the business interests of the citizens of the city of 'Woodward, and that such action thereby arbitrarily deprived said citizens of the free public use of said streets where they cross the right of way of such railway company; that by reason of said obstruction the lives of the citizens of the city are endangered, public business obstructed, and property deteriorated in value, and such obstructions are a public nuisance. The Corporation Commission found from the evidence:

"That the city of Woodward was platted and laid out and that Second, Third, Fourth, Fifth and Sixth streets were regularly laid out and are public highways across the right of way of the defendant; that Second street is unobstructed other than the railroad track; Third street is obstructed by one telegraph pole and one switch stand; Fourth street, by one old stone foundation and the abandoned round house which projects forty-one feet into the street from the east; Fifth street obstructed by a switch stand and a reservoir, also by manhole leading to pipe; Sixth street obstructed by one switch and two water cranes."

The first assignment of error challenges the jurisdiction and authority of the Corporation Commission to make the order appealed from. This court, however, is of the opinion that, as the order complained of requires the correction of an abuse which affects the people of a particular community disconnected from their use of the railway for the transportation of themselves and their property, an appeal does not lie therefrom to the Supreme Court. It will be noticed that the language of section 18, article 9, of the Constitution, which confers original jurisdiction upon the commission, is considerably broader than the language of section 20, which provides for appeals to the Supreme Court; so it does not follow that an appeal lies in all actions over which the commission may have jurisdiction. *St. Louis & S. F. R. R. Co. v. State,* 24 Okla. 805; *A., T. & S. F. Ry. Co. v. State,* 24 Okla. 807; *A., T. & S. F. Ry. Co. v. State,* 27 Okla., 329, and *A., T. & S. F. Ry.*

*Co. v. State (ante)* 114 Pac. 722, and case No. 1942, *A., T. & S. F. Ry. Co. v. State (ante*, p. 12), decided at the last term of court. Section 20, *supra,* provides that appeals to the Supreme Court may be taken "from any action of the Commission prescribing rates, charges, or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company." With the abuses complained of the public, as patrons of the railway company, have no concern. It is true that the general public, and particularly the residents of the city of Woodward, have a right to the free use of all duly dedicated streets and public highways within the city, but unless the action before the Corporation Commission concerns additional facilities, conveniences, or public service within the meaning of those terms as used in section 20, *supra,* an appeal does not lie to this court from an order entered therein.

*People ex rel. N. Y., N. H. & H. R. Co. v. Willcox et al., Com'rs.* (N. Y.) 94 N. E. 212, involves the question of the power of the Public Service Commission of the state of New York to abate a nuisance committed by one of the common carriers of that state. The language of the New York statute which confers jurisdiction upon its commission is very general and probably somewhat broader than the constitutional provision which confers appellate jurisdiction from proceedings before the Corporation Commission upon this court. In delivering the majority opinion of the court, Mr. Justice Gray said:

"Broad as are the powers conferred by the act, they are, by plain intendment, as I read them, such as are directed, exclusively, to the amplest supervision and regulation of railroad corporations, in such respects as concern their construction, maintenance, equipment, terminal facilities, and operations in the transportation of persons and property. The exercise of the powers is intended to be when rendered necessary, in the judgment of the commissions, by reason of unjust, unsafe, or inadequate, regulations, practices, equipment, appliances, or service, 'in respect to the transportation of persons, freight, or property.' The object of the Legislature, as fairly to be deduced from the enactment, was to regulate the management and the operations of common carriers, within the

state; in the interest of the public; that is, of the persons who should use the facilities for the transportation of themselves, or of their property, who should serve them, or who should be interested in them, as holders of their capital stock or obligations. The commissions were given extensive powers; but they should not be extended by implication beyond what may be necessary for their just and reasonable execution. They are not without limits, when directed against the management or the operations of railroads, and the commissions cannot enforce a provision of law, unless the authority to do so can be found in the statute * * * Nor should they reach out for dominion over matters not clearly within the statute." .

The Supreme Court of Texas, in *I. & G. N. Ry. Co. v. Ry. Com.,* 99 Tex. 332, held that the power to correct abuses granted to the Railroad Commission of that state has reference to the correction of abuses in matters affecting freight and passenger tariffs, and disapproved that part of a former opinion (*Com. v. H. & T. C. Ry. Co.,* 90 Tex. 340) wherein it was held that the same language "empowers it (the commission ) to correct abuses other than those which may be connected with the rates of freight and passenger tariffs." The term "correct abuses" is used by the Legislature of Texas in the same connection that the term is used in our Constitution, but there is this difference between the acts of the two states, which probably ought to be noticed when the power of the Corporation Commission of this state to correct abuses other than those which involve the life and safety of the persons or their property using a railway for transportation, is called in question in a proper proceeding: The Texas law wherein the words "correct abuses" occur was enacted by the Legislature, and is subject to the constitutional provision which requires the object of the act to be expressed in the title, whilst ours is a constitutional provision, and of course not subject to that requirement. In the Texas case the court held the matter of correcting abuses was not mentioned in the title and that, although the language used admits of the broad construction covering abuses generally, the limited construction which would render the grant of power constitutional is to be preferred. Section 20, *supra,* does not in specific language confer appellate power upon this court

over actions before the commission for the correction of abuses, but the court has, and we think correctly, entertained appeals from such actions when the abuse complained of involved the life or safety of persons, or their property, using common carriers for purposes of transportation. *A., T. & S. F. Ry. Co. v. Corporation Commission et al.*, 22 Okla. 106; *M., K. & T. Ry Co. v. Richardson, Judge*, 25 Okla. 640; *St. L. & S. F. R. R. Co. v. Lewis et al.*, (*ante*), 114 Pac. 702. Those cases involved the question of the extent of the jurisdiction of the Corporation Commission over matters pertaining to a street railway crossing a railway, one railway crossing another, and requiring railways to keep flagmen at street crossings which have become dangerous to persons or their property using such railways for purposes of transportation, respectively. It is obvious that those cases are distinguishable from the one at bar, in that the services required involved the life and safety of persons using the railways as common carriers, while in the instant case the abuse sought to be corrected, as stated in the complaint, "arbitrarily deprived said citizens (of the city of Woodward) of the free public use of said streets where they cross the right of way of said railway; that by reason of said obstruction the lives of the citizens of the city are endangered, public business obstructed, and property deteriorated in value, and such obstructions are a public nuisance." We do not believe that this court has appellate jurisdiction over actions of the Corporation Commission commenced for the purpose of correcting the latter class of abuses. There is some language in the opinion in *M., K. & T. Ry. Co. v. Richardson, Judge, supra*, that might be construed as defining the jurisdiction of the Corporation Commission to correct that class of abuses, but as that question did not properly arise in that case, nor does in this, it is still open as far as this court is concerned.

The appeal must be dismissed for want of jurisdiction.

All the Justices concur.