ATCHISON, T. & S. F. RY. CO. v. STATE *ex rel.* WEST, *Atty. Gen.*

No. 3719.    Opinion Filed February 17, 1914.

(138 Pac. 1026.)

1.  **RAILROADS—Right to Establish Railroad Crossing—Corporation Commission.** The jurisdiction to open public highways and crossings over railway rights of way is vested in the local authorities and not in the Corporation Commission of the state; and, where no highway or crossing has been lawfully established and opened over the right of way of a railroad, the said Commission has no jurisdiction to determine the character of the crossing to be provided, and require its installation.

2.  **SAME—Order of Corporation Commission—Appeal.** An appeal will not lie from an order of the Corporation Commission requiring the correction of an abuse which affects the people of a particular community disconnected from the use of a railway for the transportation of themselves and their property.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings before the Corporation Commission by the State, on the relation of Charles West, Attorney General, against the Atchison, Topeka & Santa Fe Railway Company. From an order directed to the Railway Company, it appeals. Appeal dismissed.

*Cottingham & Bledsoe,* for appellant.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for appellee.

LOOFBOURROW, J.   This is an appeal from order No. 569 of the Corporation Commission of the state of Oklahoma, directing the Atchison, Topeka & Santa Fe Railway Company to build a viaduct across its tracks on either Cleveland, Oklahoma, or Noble avenues, in the city of Guthrie, leaving to the discretion of the company the selection of one of said streets on which to construct said viaduct. There is no crossing on Cleveland avenue, and for that reason the Corporation Commission

has no power to establish the same. See *St. L. & S. F. R. Co. v. Love,* 29 Okla. 523, 118 Pac. 259. Prior to the making of said order, a hearing was had before the Commission, wherein sixteen different witnesses testified. The evidence shows there are crossings on Noble and Oklahoma avenues, and that flagmen had been maintained at these crossings; that said railway had been operated over said crossings for about 22 years; and that during that time but one person has sustained a personal injury at such crossings, probably the result of the negligence of the person so injured, while attempting to cross the track. We find but one witness who testifies that the crossings were dangerous to the public traveling on the trains, and that testimony is of a rather negative and unsatisfactory character on this point. Witness E. S. Lowther, who had lived in Guthrie for six years, and had been a railroad conductor in charge of trains over these particular crossings, upon being asked as to the safety of the public traveling upon trains or the danger from these crossings, answered, "I don't think they are as safe as they could be." Defendant in error calls our attention to no other witness testifying on this subject, and we are unable to find any other evidence in the record relative thereto. Such evidence is not sufficient to reasonably support the findings of the Commission that these crossings are dangerous to the people who travel on the trains or to the transportation of property carried thereon. But the evidence does show that the present crossings are not convenient for the people of Guthrie, using the streets and crossings; that they are dangerous to people of that community, and that horses are frequently frightened thereon, and in some instances vehicles have been damaged by being run into by the appellant's trains; that they are grade crossings, etc.

In the case of *A., T. & S. F. Ry. Co. v. State et al.,* 28 Okla. 797, 115 Pac. 872, Justice Kane states:

"This court, however, is of the opinion that, as the order complained of requires the correction of an abuse which affects the people of a particular community disconnected from their use of the railway for the transportation of themselves and their property, an appeal does not lie therefrom to the Supreme Court. It will be noticed that the language of section 18, art. 9, of the

Constitution, which confers original jurisdiction upon the Commission, is considerably broader than the language of section 20, which provides for appeals to the Supreme Court, so it does not follow that an appeal lies in all actions over which the Commission may have jurisdiction.  *  *  * . Section 20, *supra,* does not in specific language confer appellate power upon this court over actions before the Commission for the correction of abuses, but the court has, and we think correctly, entertained appeals from such actions when the abuse complained of involved the life or safety of persons, or their property, using common carriers for purposes of transportation."

See, also, *St. L. & S. F. R. Co. v. State et al.,* 28 Okla. 802, 115 Pac. 874; *A., T. & S. F. Ry. Co. v. State et al.,* 28 Okla. 805, 115 Pac. 875.

From the record in this case it clearly appears that the Commission is simply determining the character of crossings to be maintained, and that the same is made for the convenience and safety of the public traveling the said streets of the city of Guthrie in crossing the tracks of the plaintiff in error and not for the protection or safety of the persons or property transported by such public carrier.

The appeal is therefore dismissed.

KANE and TURNER, JJ., concur.  HAYES, C. J., and WILLIAMS, J., concur in the conclusion that the appeal should be dismissed on the ground that the order sought to be reviewed is not appealable.