**ATCHISON, T. & S. F. RY. CO. v. CORPO-
RATION COMMISSION OF STATE
OF OKLAHOMA et al.**

No. 6198—Opinion Filed Dec. 15, 1914.

Rehearing Denied Feb. 26, 1918.

(170 Pac. 1156.)

(Syllabus.)

**1. Corporation Commission — Jurisdiction.**

The Corporation Commission has such jurisdiction and authority only as is expressly or by necessary implication conferred upon it by the Constitution.

**2. Railroads — Corporation Commission — Jurisdiction.**

The Corporation Commission has no jurisdiction or authority to require the performance by railway companies of public duties which have no bearing on or relation to the transportation of either persons or property, or which do not relate in any way to the transaction of business by the public with such railway companies.

**3. Prohibition — Railroads — Jurisdiction —Railroad Crossings — Remedy.**

The Attorney General filed a complaint before the Corporation Commission, charging, in substance, that defendant maintained and operated a line of railway over and across Oklahoma and Noble avenues in the city of Guthrie; that said defendant does not maintain safe and suitable crossings where its tracks cross said avenues, thereby endangering the safety of the traveling public in using said avenues. It is not claimed, neither does the record show, that the condition of said crossing in any wise affects the safety of either persons or property while being transported on any of defendant's trains, or that the improvements sought are necessary for the use of the public in transacting business with defendant company. Defendant pleaded to the jurisdiction of the commission to entertain said proceedings. Said plea to the jurisdiction was overruled. The commission made an order requiring defendant to build a viaduct across either Oklahoma or Noble avenue. Held, that the Corporation Commission had no jurisdiction to make said order. Held, further, that a writ of prohibition is the proper remedy.

**4. Railroads — Crossings — Police Power.**

The requiring of the performance by railway companies of their public duties under the law of constructing and maintaining proper, safe, and adequate crossings where their tracks cross the public highways and the building and maintaining of proper and adequate viaducts, bridges, and culverts as may be necessary for the public safety and convenience, come within the police power of the state, and may be fully and completely enforced.

Original application for writ of prohibition by the Atchison, Topeka & Santa Fe Railway Company against the Corporation Commission of the State of Oklahoma, and others. Writ granted.

Cottingham & Bledsoe, for plaintiff.

Chas. West, Atty. Gen., for defendants.

RIDDLE, J. This is an original proceeding, instituted by plaintiff, praying for a writ of prohibition, restraining defendants and the members of the Corporation Commission from enforcing Order No. 596. It is alleged in the petition substantially: That on the 9th day of June, 1911, the Attorney General filed a complaint before the Corporation Commission, charging in effect that plaintiff operated a line of railway over and across certain public streets in the city of Guthrie, and that it had never provided for and does not maintain safe and suitable crossings at its tracks and right of way over and across certain streets, including Oklahoma and Noble avenues, but crossed each of said streets at or below grade, thereby endangering the safety of the traveling public, both on said right of way and on the trains of the plaintiff, and charged further:

"That it is the duty of defendant to provide at one or more of said avenues safe and suitable crossings for the public over and across its tracks and right of way in said city, affording the means of ingress and egress to and from the eastern and western portions of said city, so that persons and vehicles on said streets may not be injured or the persons and property being carried by said railway endangered or destroyed."

The prayer substantially followed the complaint. To this complaint, defendant appeared and filed its protest to the making of said order, on the ground that the commission had no jurisdiction to entertain the complaint or to make the order prayed for. The plea to the jurisdiction was overruled, and the commission, upon a hearing, made the order as prayed; the material part of which is as follows:

"It is therefore ordered that the defendant, the Atchison, Topeka & Santa Fe Railway Company should build a viaduct across either Cleveland, Oklahoma or Noble avenues in the city of Guthrie, and that within sixty days from the date of this order, that it submit plans and specifications for the building of said viaduct for the approval of the commission; that the viaduct shall be constructed within a reasonable time thereafter, not to exceed six months from the date of the approval; that the time mentioned in this order may be extended on application of the defendant, for sufficient cause shown."

From this order, plaintiff herein appealed to this court, which appeal was dismissed, upon the ground that there was no evidence before the commission to show that the crossings involved are dangerous to the people who travel on trains, or to the transportation of property carried thereon. See Atchison, T. & S. F. R. Co. v. State ex rel. West, 40 Okla. 411, 138 Pac. 1026. Thereafter, plaintiff instituted this proceeding, setting out substantially the foregoing facts, and prays for a writ of prohibition, restraining defendants from further proceeding in said matter. Defendants have filed their answer, admitting the material allegations of the petition.

The only question presented for determination is: Did the commission have jurisdiction to entertain this proceeding and to make and enforce the order complained of? Section 18, art. 9, of the Constitution, provides:

"The commission shall have the power and authority and be charged with the duty of supervising, regulating, and controlling all transportation and transmission companies doing business in this state, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations, and requirements, the commission may, from time to time, alter or amend. * * *"

It is admitted, in effect, that this order relates in no way to the transportation of either persons or property by the railway company; nor is the viaduct necessary for the use of those transacting business with the company. This is the first time this exact question has been squarely presented to this court for consideration, although it has been indirectly considered, and questions closely related have several times been decided. In the case of Atchison, T. & S. F. Ry. Co. v. State et al., 28 Okla. 797, 115 Pac. 872, which was an appeal from an order of the commission requiring the railroad company to remove certain obstructions and to put in safe and adequate crossings on certain streets in the town of Woodward, it was alleged that the railway company obstructed the free passage and use of such streets where the railroad track crossed same, which endangered the lives of the citizens. This court, speaking through Mr. Justice Kane, held that an appeal would not lie from the order there involved, as it affected only the people of a particular community, disconnected from their use of the railroad for transportation of themselves and their property; that section 18, art. 9, of the Constitution, which conferred original jurisdiction upon the commission, was broader than section 20, art. 9, which provides for appeals to the Supreme Court, but specifically stated that the question in the instant case was not there involved. The appeal was dismissed. In the course of the opinion, the court referred to and quoted from the Court of Appeals of New York in, the case of People ex rel. N. Y., N. H. & H. R. Co. v. Willcox et al., Com'rs, 200 N. Y. 423, 94 N. E. 212, which involved the question of the power of the Public Service Commission of the state of New York to abate a nuisance committed by one of the common carriers of that state, as follows:

" 'Broad as are the powers conferred by the act, they are, by plain intendment, as I read them, such as are directed, exclusively, to the amplest supervision and regulation of railroad corporations, in such respects as concern their construction, maintenance, equipment, terminal facilities, and operations in the transportation of persons and property. The exercise of the powers is intended to be when rendered necessary, in the judgment of the commissions, by reason of unjust, unsafe, or inadequate regulations, practices, equipment, appliances, or service, "in respect to the transportation of persons, freight, or property." The object of the Legislature, as fairly to be deduced from its

enactment, was to regulate the management and the operations of common carriers within the state, in the interest of the public; that is, of the persons who should use the facilities for the transportation of themselves, or of their property, who should serve them, or who should be interested in them, as holders of their capital stock or obligations. The commissions were given extensive powers; but they should not be extended by implication beyond what may be necessary for their just and reasonable execution. They are not without limits, when directed against the management or the operations of railroads, and the commissions cannot enforce a provision of law, unless the authority to do so can be found in the statute.' "

The provision of the New York law, under which the Public Service Commission received its authority, is subsection 2, § 45, c. 429, Laws of New York 1907, which section reads:

"Each commission shall have the general supervision of all common carriers, railroads. street railroads, railroad corporations and street railroad corporations within its jurisdiction as hereinbefore defined, and shall have power to and shall examine the same and keep informed as to their general condition. their capitalization, their franchises and the manner in which their lines, owned, leased, controlled or operated, are managed. conducted and operated, not only with respect to the adequacy. security and accommodation afforded by their service, but also with respect to their compliance with all provisions of law, orders of the commission and charter requirements."

This court also quoted from the Supreme Court of Texas, in the case of I. & G. N. Ry. Co. v. Ry. Com., 99 Tex. 332, 89 S. W. 961, announcing practically the same rule as was laid down by the Court of Appeals of New York.

In the case of St. Louis & S. F. Ry. Co. v. Lewis et al., 28 Okla. 453, 114 Pac. 702, this court again had under consideration a question, indirectly at least, related to the question now before us. That case also involved an appeal from an order of the commission, requiring the railroad company to establish and maintain at Fourth and Sixth streets crossing its tracks in the city of Lawton flag stations and flagmen, and prescribing their duties. Mr. Justice Kane, in delivering the opinion of the court, said:

"Counsel for the railway company contend that the primary object the framers of the Constitution had in mind when the above section was passed was the regulation of freight and passenger tariffs on the railways within the state, and the abuses the Corporation Commission is authorized to correct must be such as pertain to that branch of the service. The same contention was made in M., K. & T. Ry. Co. v. Richardson, Judge, et al., 25 Okla. 640, 106 Pac. 1108. In that case, after analyzing section 18, supra, it was said: 'It is true the section refers with more particularity to the regulation of rates, charges and classifications than any other subject; but, taking the language of the parts of the section quoted together, and construing it with other language in other sections relating to the same subject, there is apparent an intention on the part of the framers of the Constitution to invest the commission with jurisdiction over all transportation and transmission companies in all matters relating to the performance of their public duties, and to correct abuses affecting the general public in their intercourse with such companies.' If we apply the principles above enumerated to the facts in the case at bar, we must reach the conclusion that, under the power conferred by section 18, art. 9, of the Constitution, to supervise, regulate, and control all transportation and transmission companies doing business in this state in all matters relating to their public duties, and of correcting abuses, the Corporation Commission has authority to require a railway company to guard the intersections of its tracks with the streets of a city of the first class when they have become dangerous to the life or safety of the persons or their property using such railways for transportation as common carriers, by reason of the press of travel along the streets forming such crossings. * * * The principle involved in the case at bar was the power of the Corporation Commission to exercise the police powers of the state to require the railway company to guard its crossings after they have become dangerous to the life or safety of the persons or their property using such railway for transportation by reason of the frequency of travel along the streets or highways forming such crossings." Atchison, T. & S. F. Ry. Co. v. State et al., 23 Okla. 510. 101 Pac. 262.

It will be seen that, in the case involving the safety of the people in using the street crossings in the town of Woodward, the appeal was dismissed solely on the grounds that the purpose and the subject-matter of the order had no relation whatever to the transportation of persons or property. In the case from Lawton, supra. the jurisdiction of this court was sustained exclusively on the grounds that the order appealed from had a direct bearing upon the safety of transportation of both persons and property. While it may seem to relate remotely to the transportation of persons and property, yet we can see from the facts in that case how it might, under certain circumstances, materially affect this kind of traffic. The case of St. L. & S. F. Ry. Co. v. Love et al., 29 Okla. 532, 118 Pac. 259, was an original proceeding, whereby a writ of pro-

hibition was sought to restrain the commission from enforcing a certain order made requiring the railway company to construct and maintain a certain subway where its track crossed a certain section line in Lynn Lane township, Tulsa county. The railway company attempted to appeal from the order, but its appeal was dismissed, on the ground that an appeal was not provided for from an order of that nature. Thereafter a petition for writ of prohibition was filed. The writ was issued, and this court, in effect, held that the commission was without jurisdiction, for the reason no road had been opened across thes right of way, and that after the road had been established and opened, the jurisdiction of the commission would then attach to determine the character of crossing, etc. The latter point was not involved, so we may treat it as mere dictum.

In the case of St. L. & S. F. Ry. Co. v. Sutton et al., 29 Okla. 553, 119 Pac. 423, the jurisdiction of the commission to require the erection and maintenance of a suitable depot was sustained, upon the ground that it was a facility. It needs no argument to prove that an order requiring the building of a depot involves a subject-matter which has a direct bearing upon the transportation of persons. A similar holding to this was made in the case of M., O. & G. Ry. Co. v. State, 29 Okla. 640, 119 Pac. 117, where Turner, C. J., quoting from 19 Cyc. 109, approvingly defining a "facility," says:

"Applied to railroads it means everything necessary for the convenience of passengers and the safety and prompt transportation of freight."

Each of the last two cases was here on appeal from orders of the commission.

The case of St. L. & S. F. Ry. Co. v. Corporation Commission et al., 35 Okla. 166, 128 Pac. 496, was an original proceeding in this court, the purpose of which was to secure a writ of prohibition restraining the commission from enforcing a certain order requiring the railroad company to put in appliances for a grade crossing in the town of Stroud. Prior to applying for the writ of prohibition, the railroad company prosecuted an appeal from said order, which appeal was dismissed as to all that part of the order requiring the company to put in the crossing. Mr. Justice Hayes, speaking for the court, says:

"The Attorney General recognizes the force of the foregoing decision, but seeks to avoid the effect thereof in this proceeding by contending that the order numbered 482 of the commission does not seek to require a grade crossing in a public street or way not opened up, and does not order said crossing for the convenience of the general public, but requires the same as a more convenient access for the patronizing public to plaintiff's depot; and that there is a necessity for such a crossing now, for the purpose of accommodating the traveling public passing over plaintiff's railway track and transacting business with plaintiff on the opposite sides of its line of railway. The present attitude of the Attorney General's department is directly opposite to that assumed in St. Louis & S. F. R. Co. v. Miller et al. [31 Okla. 801, 123 Pac. 1047], supra, where the motion to dismiss was urged upon the theory that the order did not require a public convenience or facility to the patrons of the railway company and those portions of the public traveling on its line of railway. If the effect of the order were as now contended for by the Attorney General, it would be an appealable order, and should have been reviewed by this court on appeal. After rereading the record in St. L. & S. F. R. Co. v. Miller et al., supra, and all the briefs in that case as well as in this we find no reason to recede from the construction of the order given by the Attorney General in his brief filed in the former case and adopted by the court. It is true that there is some language in the findings of fact of the Corporation Commission, made at the time the order was issued, that indicates that the commission may have had in view some convenience that would result from the order to that portion of the public who transact business at the depot of plaintiff; but the complaint filed with the commission, considered in connection with the evidence introduced at the hearing, makes it clear that what was sought and the primary purpose of the order was to require a public crossing at the point named in the order as a crossing in the public street for the benefit of the traveling public generally, and that such is the requirement of the order made, which, under the authority of St. Louis & S. F. R. Co. v. Love et al., supra, the commission was without power to make, and may be restrained from enforcing by writ of prohibition."

It is clear from this opinion that if that part of the order involved there had any relation to or anything to do with the transportation of persons or property, the appeal would have been sustained when the case was first before the Supreme Court, and the writ of prohibition would have been denied. In other words, the writ was granted solely on the ground that the commission had no jurisdiction to make the order, in that it did not in any way pertain to the transportation of persons or property; neither was it necessary for the use of the public in transacting business with the railroad company. It is reasonably clear that the writ was issued not solely on the ground that

the crossing had never been established or opened, but partially, at least, on the ground that this crossing would not be used by the people in their dealings and intercourse with the railroad company. It is equally as clear that the Attorney General defended the jurisdiction of the commission and opposed the issuance of the writ mainly on the ground that the requirement of the order had a direct bearing upon the business transacted by the people with the railway company.

That the commission has no jurisdiction, except such as expressly or by necessary implication is conferred upon it by the Constitution, must be admitted. This proposition is now too well settled to require the citation of authorities. The courts, therefore, should be careful and neither attempt to enlarge nor take from the jurisdiction conferred on the commission. As applied to the subject-matter here, what authority did the people by the Constitution confer upon the Corporation Commission? The whole provision must be construed together, in order to reach a sound and correct conclusion. Had this section ended at the first semicolon after the word "companies," then it would appear that the jurisdiction which it claimed in making the order complained of might reasonably appear to have been conferred. But the language following, in a sense, limits the natural import of the language preceding, which reads:

"And to that end, the commission shall, from time to time, prescribe and enforce against such companies in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service facilities and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations and requirements, the commission may, from time to time, alter or amend."

The words, "and to that end the commission shall, etc.," refer to and qualify all the preceding language in this section, granting power and authority to the commission; that is, it should read:

"And to that end the commission shall have power and authority to supervise, regulate and control all transportation and transmission companies in all matters relating to the performance of their public duties in regard to rates, charges, classifications of traffic, and rules and regulations, and require them to maintain all such public service facilities and conveniences as may be reasonable and just, and to correct all abuses and prevent unjust discrimination and extortion."

By so transposing and reading the language of this section, we get the substance which includes all the power and jurisdiction granted to the commission; and it will be seen it relates solely to the transportation of persons and their property, or to such intercourse and dealings of the public with such companies which are connected in some way with such transportation.

It is quite clear that it was not intended by the framers of the Constitution to confer jurisdiction and authority upon the commission to regulate and enforce the performance of the duties of these companies in all of their various relations with the public, but that its jurisdiction was intended to be limited to the matters pertaining to the performance of their public duties as relate to transportation of persons and property and all dealings and intercourse that have any bearing upon or in any way relate to such, transportation.

If it were within the jurisdiction of this court—and it is not—to amend the Constitution or to legislate, we doubt if it would be the part of wisdom to extend the jurisdiction of the commission over matters wholly disconnected from the business of transportation. If the jurisdiction of the commission could be extended by construction to such matters only as are involved in the order complained of, it might be an unwise thing to do; but this cannot be done. If the grant of power or jurisdiction to deal with the subject-matter covered by the order in the present instance be admitted, then it must be conceded that it exists in all matters pertaining to the performance of their public duties, regardless as to how far removed from the business of transportation the performance of such public duty may be. In other words, every requirement made of such company by law and in every instance where the exercise of power may be forbidden by law, it would devolve upon the commission to require obedience to such demands of the law, whether it be the acts of commission or omission. Under the law, it is a public duty for these companies to pay their taxes; and it would be just as reasonable to construe the grant of power under this section in the commisson to the enforcement of this public duty. Under section 1432, Rev. Laws 1910, it is the duty of every railroad company to construct a crossing across that portion of its track over which any public highway runs, and to maintain the same unobstructed. To so construct or open up said crossing is a public duty required of all railroad companies in this state. Yet this court held in the case of St.

L. & S. F. R. Co. v. Love et al.. supra. that the commission had no jurisdiction under the Constitution to require the performance of this public duty. The other decisions cited are to the same effect. and the commission has been restrained from enforcing its orders relating to the performance of such duty. It cannot be denied that where these crossings are needed for the use, safety, and convenience of the public. that it is just as much a public duty, devolving upon the railroad company to so construct them as it is to build a viaduct for the convenience and safety of the people of a city. It must be admitted that both come within the police power of the state, and in principle, there is no distinction as to the source of power regulating the one, the same as the other. If the power has not been specifically granted to some officer or board authorizing the requirement of this public duty, when desired and found necessary by and for the people in any community, the people certainly have the power, and, acting through the Legislature, may exercise it at will, subject only to federal or state constitutional restrictions. State of Minn. ex rel. v. St. Paul, M. & Manitoba Ry. Co., 98 Minn. 380, 108 N. W. 261, 28 L. R. A. (N. S.) 298, 120 Am. St. Rep. 581, 8 Ann. Cas. 1047; Id. 214 U. S. 497, 29 Sup. Ct. 698. 53 L. Ed. 1060, and authorities cited; St. L. & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 436, recently decided.

The only question is, Where has the power been lodged, if at all, and where should it be exercised? It seems that this power should be exercised in a manner that there would be as little confusion as possible, and without any conflict of jurisdiction. The enforcement of the performance of all public duties by railroad companies pertaining to the business of transportation can be seen at a glance, by reason of not being confined to any particular locality, but general in its nature, should be lodged exclusively in the Corporation Commission. But, on the other hand, the performance of all such public duties, such as constructing public crossings on section lines, building culverts and bridges, and erecting and maintaining suitable crossings where the track crosses the public streets and the building of suitable bridges and viaducts, where it relates in no way to the transportation of persons or property, and is not necessary to be used by the public in dealing with the railway, should be left in the hands of the local authorities. The. people in each community know their needs best; they know better when such improvements should be made,

and the character necessary to reasonably and conveniently meet their wants; they are in a position to expeditiously enforce the performance of this public duty. That this construction is the one the people, through the Legislature, have adopted may be reasonably inferred, as is evidenced by section 1432, Rev. Laws 1910, which reads as follows:

"It shall be the duty of every railroad company or corporation doing business, or operating a line of railroad, within this state, to construct a crossing across that portion of its track, roadbed or right of way over which any public highway may run, and maintain the same unobstructed, in a good condition for the use of the public, and to build and maintain in good condition all bridges and culverts that may be necessary on its right of way at such crossing; and in case any railroad company or corporation fails so to construct and maintain said crossing for thirty days after written notice by the road overseer of any road district or the council or board of trustees of any city or town in this state, or fifty petitioners of any city or town who are interested (where such work or repairs are needed), to be given to the section boss, or any station agent of any railroad company or corporation in the county (where such work or repairs are needed), it shall forfeit and pay to said county, road district, city or town complaining, the sum of twenty-five dollars per day for every day said company or corporation may neglect to comply with the requirements of this section."

See, also, section 598, Rev. Laws 1910.

As we have said, if sufficient authority has not been conferred, this is one of those police regulations over which the Legislature has plenary power and may extend and broaden the jurisdiction of such officers exercising such power, or may confer the same upon other officers at its will. The right to local self-government and to enforce all such local police regulations as may be necessary for the comfort, convenience, health, safety, and happiness of the people in each community is highly desirable; and such regulations may be effectively and expeditiously put in operation.

We are of the opinion that the Corporation Commission had no jurisdiction to make and enforce final Order No. 569, and that the writ of prohibition will be granted. Upon the filing of this opinion, notice hereof shall be given to the Corporation Commission, and the writ will not issue, except upon a further application and showing the necessity thereof.

All the Justices concur, except KANE, C. J., absent and not participating.