**ST. LOUIS—SAN FRANCISCO RY. CO. v. CORPORATION COMMISSION.**

No. 13591—Opinion Filed Sept. 18, 1923.

(Syllabus.)

1. **Prohibition — Railroads — Highway Crossings — Installation — Power of Corporation Commission.**

Where no highway or crossing has been lawfully established or opened over the right of way of a railway company, the Corporation Commission has no jurisdiction to require a railway company to construct such crossing and prohibition may issue to prevent the commission enforcing an order for the construction of such crossing until the right to extend such crossing over such right of way has been acquired in the manner provided by law.

2. **Railroads—Establishment of Highway Crossings — Powers of Corporation Commission.**

Sections 3491 to 3494, inclusive, of Comp. Stat. 1921, do not vest the Corporation Commission with jurisdiction to require a railway company to construct crossings on its right of way where no right to establish said crossings have been acquired by amicable settlement or condemnation proceedings.

Application by the St. Louis-San Francisco Railway Company for a writ of prohibition against the Corporation Commission. Writ authorized to be issued.

W. F. Evans, R. A. Kleinschmidt, and Ben Franklin, for plaintiff in error.

E. S. Ratliff, for Corporation Commission.

KENNAMER, J. The St. Louis-San Francisco Railway Company, a corporation, instituted this action in this court against the Corporation Commission for a writ of prohibition directed to the commission prohibiting it from enforcing an order made on the 30th day of June, 1922. The order complained of requires the railway company to construct a crossing over its right of way where said right of way intersects Cleo street in the town of Ames, Major county, Okla.

The evidence introduced on the hearing for the order before the Corporation Commission and in this court in support of the plaintiff's petition establishes, in substance, the following material facts: That on the 1st day of June, 1901, Osman B. Elrod and his wife conveyed the 160 acres of land on which the town site of Ames was platted and laid out to the Frisco Townsite Company, a corporation. The plat of said town site, as filed and recorded on about said date, shows the various streets of said town, including Cleo street, and the railway right of way. The streets, as shown by the plat, appear to be designated thereon up to the right of way on each side thereof. The railway was built about the same time that the town site was laid out and platted by the Frisco Townsite Company, and said company on the 12th day of April, 1904, conveyed the railway right of way to the Blackwell, Enid & Southwestern Railway Company; said right of way so conveyed being 200 feet in width through the town of Ames. The Blackwell-Enid & Southwestern Railway Company, on the 6th day of March, 1906, conveyed the right of way in fee simple to the plaintiff in this action. It thus appears that the plaintiff, and its grantor and predecessor in title, have been in the uninterrupted possession of said right of way under

conveyances for more than 20 years during which time no crossing has ever existed over said right of way.

In the case of St. Louis-San Francisco Railway Co. v. Corporation Commission et al., 35 Okla. 166, 128 Pac. 496, this court held, where no highway or crossing has been lawfully established or opened over the right of way of a railroad company, the commission has no jurisdiction to require the company to install a crossing. See A., T. & S. F. Co. v. State, 40 Okla. 411, 138 Pac. 1026; St. Louis & S. F. Ry. Co. v. Love, 29 Okla, 523, 118 Pac. 259.

Sections 3491 to 3494, inclusive, Comp. Stat. 1921, being chapter 53, Sessions Laws 1919, page 88, conferring jurisdiction upon the commission over all public highway crossings, where the same are crossed by steam or electric railroads or railways within this state and vesting the commission with power to assess the cost of installing overgrade or undergrade highway crossings over or under steam or electric railroads or railways, and to determine and designate the location of highway crossings over such roads, and to order the removal of obstructions as to view of such crossings, do not vest the commission with power to extend a public highway crossing over a railroad right of way where no right of way had been previously opened or extended across such right of way. By the provisions of this act, or these sections of the statute, the commission may determine the necessity for such a crossing and its location, but before the property of the railway company, which it owns in fee, may be taken for such a public purpose, such property must be acquired either by amicable settlement or condemnation proceedings in a proper action in the manner authorized by law. The law as found in the statutes, supra, does not undertake to confer the power to acquire property by condemnation proceedings upon the Corporation Commission.

If the town of Ames desires to acquire the right to extend said street crossings over the right of way of the plaintiff, it may acquire this right by amicable settlement or condemnation proceedings in the district court of Major county. If said town is not incorporated, the county commissioners are the proper persons to institute said action.

In view of this conclusion, the plaintiff is entitled to the writ, but the same will not issue unless it is made to appear upon application that there is a necessity therefor.

JOHNSON, C. J., and KANE, NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.