The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Delaware Corporation, Petitioner,

v.

The CORPORATION COMMISSION OF the STATE of Oklahoma, and Hamp Baker, Norma Eagleton and James Townsend, as Commissioners of the Oklahoma Corporation Commission, Respondents.

No. 58435.

Supreme Court of Oklahoma.

Jan. 25, 1983.

---

Hugh D. Rice, Richard E. Coulson, Rainey, Ross, Rice & Binns, Oklahoma City, for petitioner.

Robert D. Stewart, Jr., Gen. Counsel, Eddie M. Pope, Deputy Gen. Counsel, Oklahoma City, for respondents.

Richard O. Burst, Sr., Guthrie, for amicus curiae, City of Guthrie, Oklahoma.

WILSON, Justice:

The Atchison, Topeka and Santa Fe Railway Company (Petitioner) filed an Application with the Corporation Commission of the State of Oklahoma (Respondent—used herein to include the individual Commissioners) to discontinue its assignment of a local agent at Keyes, Oklahoma. The Commission staff challenged the Petitioner's Application on the ground that the Petitioner failed to allege the jurisdiction of the Respondent, as required by Rule 10(c)(3) of the Respondent Commission's Rules of Practice. The Petitioner advised the Respondent that it had omitted the allegation of jurisdiction because the Petitioner disputed the Respondent's jurisdiction on this particular issue. After a hearing, the Respondent held that it had jurisdiction over the removal of local agents under Article IX, §§ 18 and 26 of the Oklahoma Constitution and waived the requirement that the Petitioner allege the Respondent's jurisdiction. The Petitioner seeks a Writ of Prohibition ordering the Respondent to cease and refrain from asserting jurisdiction in this type of case.

The basic question is whether the Corporation Commission has jurisdiction to regulate the specific locations from which railroad station agent service is offered to the public. The question presented is primarily one of law. The petitioner has several other locations at which it is considering removing the local station agent. The resolution of the jurisdictional issue is pertinent to each of those situations, and a threshold issue. It is settled that if jurisdiction is totally lacking in the inferior tribunal that a Writ of Prohibition is the appropriate remedy. *Powell v. Seay*, 553 P.2d 161 (Okl.1976). If the Corporation Commission does not have jurisdiction the railroad patrons should not bear the expense of needless litigation, including the costs of appeal, only to learn in this Court that the Corporation Commission never had the necessary jurisdiction. *Atchison, Topeka & Santa Fe Ry. Co. v. Love*, 29 Okl. 733, 119 P. 207 (1911).

There are two provisions of the Oklahoma Constitution addressed by the parties which may provide the necessary jurisdiction for the Corporation Commission in the instant case. The first is Article IX, § 26, which reads as follows:

"§ 26. Railroad depots and depot buildings.

It shall be the duty of each and every railway company, subject to the provisions herein, to provide and maintain adequate, comfortable, and clean depots, and depot buildings, at its several stations, for the accommodation of passengers, and said depot buildings shall be kept well lighted and warmed for the comfort and accommodation of the traveling public; and all such roads shall keep and maintain adequate and suitable freight depots and buildings for the receiving, handling, storing, and delivering of all freight handled by such roads."

The petitioner argues that Article IX, § 26 does not supply the necessary authority for the Commission's present order. Respondent states that Article IX, § 26 is irrelevant to the present question. Consequently we do not seriously consider whether the jurisdiction to determine the location of station agents arises from Article IX, § 26. However, the petitioner does argue that the duty to provide freight depots and passenger depots set forth in Article IX, § 26 no longer imposes any duty upon it since it now handles "carloads only" shipments of

freight[1] which are handled without assistance from the station agent. Petitioner cites no authority for this statement. Without deciding this particular point, we have included the statement since it is a necessary corollary of petitioner's attack on the other constitutional provision relied on by respondent as supplying the necessary jurisdiction.

■ The second constitutional provision discussed by the parties is Article IX, § 18. Pertinent parts of that statute are as follows:

"§ 18. Powers and duties—Notice before taking action—Process for witnesses—Authority of Legislature—Municipal powers.

The Commission shall have the power and authority and be charged with the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the Commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations, and requirements, the Commission may, from time to time, alter or amend...."

Petitioner asserts that the jurisdictional sway of Article IX, § 18 is limited to "correcting abuses" arising from the performance of duties outlined in Article IX, § 26. Echoing its earlier statement that since it no longer has any "duties" to provide and maintain passenger depots or freight depots under Article IX, § 26, therefore the "implementory authority" of Article IX, § 18 has nothing to act upon and therefore fails.

Petitioner cites the case of *Atchison, T. & S.F. Ry. Co. v. State,* 28 Okl. 797, 115 P. 872 (1911) for this proposition. The cited case presented an appeal from a Corporation Commission order directing the defendant railway to remove some of its tracks which had created obstructions in the city streets. In dismissing the appeal the Court stated:

"... the language of section 18, article 9, of the Constitution, which confers original jurisdiction upon the commission, is considerably broader than the language of section 20, which provides for appeals to the Supreme Court; so it does not follow that an appeal lies in all actions over which the commission may have jurisdiction."

The cited case stands for the proposition that Article IX, § 20 confers appellate jurisdiction on the Supreme Court in actions which have involved the management and operation of transportation companies but that such jurisdiction does not extend to review of actions for the correction of abuses not directly connected with providing such services. See also *Atchison, T. & S.F. Ry. Co. v. Corporation Commission,* 68 Okl. 1, 170 P. 1156 (1918). Consequently, we do not accept the construction placed on this case by the petitioner.

The respondent urges that the provisions of Article IX, § 18 vest jurisdiction in the Corporation Commission over station agents, since the term "facilities" in the phrase "shall require them to maintain all such public service facilities and conveniences as may be reasonable and just" has been construed to include local station agents. In *Atchison, T. & S.F. Ry. Co. v. Corporation Commission,* 68 Okl. 1, 170 P. 1156, 1158 (1918) the term "facility" was defined in the following manner by this Court:

"Applied to railroads it means everything necessary for the convenience of passengers and the safety and prompt transportation of freight."

Station agents are necessary for the safe and prompt handling of freight in Oklaho-

---

1. Petitioner states that passenger freight was discontinued in the mid-1970's and shipments of less than a carload having been discontinued in the late 1960's.

ma.[2] The duty to provide these kinds of public facilities has been held to be an intrinsic part of running a railroad. In *Chesapeake & Ohio Railway Company v. Public Service Commission of the State of West Virginia,* 242 U.S. 603, 37 S.Ct. 234, 236, 6 L.Ed. 520 (1917), the United States Supreme Court ruled:

> "One of the duties of a railroad company doing business as a common carrier is that of providing reasonably adequate facilities for serving the public. This duty arises out of the acceptance and enjoyment of the powers and privileges granted by the state, and endures so long as they are retained. It represents a part of what the company undertakes to do in return for them, and its performance cannot be avoided merely because it will be attended by some pecuniary loss."

This Court held that the duty to provide adequate facilities included the furnishing of station agents in the case of *Lowden v. State,* 189 Okl. 76, 113 P.2d 991 (1941). In *Lowden,* the railroad sought to discontinue the telegrapher-agent at Red Oak, and to substitute caretaker service. The Commission denied the request to substitute caretaker service, and ordered a non-telegrapher agent instead. This Court affirmed, quoting the above language from the *Chesapeake* case.

This Court has discussed station agents as if they were encompassed within the term "facilities" in *Kurn v. State,* 175 Okl. 379, 52 P.2d 841 (1935) and, more recently, in *Missouri Pacific Railroad Co. v. State,* 563 P.2d 1179 (Okl.1977).

■ The Constitution directs the Commission to require railroads to establish and maintain public facilities. Since, by judicial construction the local station agent falls within the definition of the term "public facilities," the Corporation Commission has the necessary jurisdiction to regulate the specific locations from which railroad station agent service is offered to the public, pursuant to Article IX, § 18 of the Constitution.

Under the foregoing analysis, the Corporation Commission has jurisdiction to enter the complained of order. Petitioners also presented an argument that the exercise of jurisdiction would result in a deprivation of due process and equal protection guaranteed by the fourteenth amendment. The respondent stated that the parties had agreed that consideration of the equal protection issue was to be deferred. Since the respondent did not brief the issue and because we believe that such an issue will be more appropriately examined within a factual construct we defer consideration of that issue.

Writ of prohibition denied.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, V.C.J., dissents.

---

**2.** The petitioner admits (Reply brief, p. 3) that the agent at Keyes did provide the function of signing bills of lading. Respondent offers that the prompt (i.e. same day) signing of bills of lading is a significant economic benefit to local railroad customers.