1999 OK CIV APP 99

**UNION PACIFIC RAILROAD COMPANY, Appellant,**

v.

**STATE of Oklahoma, ex rel. CORPORATION COMMISSION and ex rel. Drew Edmondson, Attorney General of the State of Oklahoma, Appellees.**

No. 91,210.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 19, 1999.

As Corrected July 27, 1999.

Certiorari Denied Oct. 31, 1999.

Hugh D. Rice, Oklahoma City, Oklahoma, For Appellant.

Lawrence R. Edmison, Andrea P. Johnson, Oklahoma Corporation Commission, Oklahoma City, Oklahoma, For Appellees.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1 Appellant, Union Pacific Railroad Company (Union Pacific), appeals from an order entered by the Oklahoma Corporation Commission requiring Union Pacific to fence its right-of-way. On March 17, 1997, the Corporation Commission, on behalf of Jack Eubank, filed an Application for an order requiring Union Pacific to repair or build fencing along its right-of-way continuous to the private property upon which Mr. Eubank has cattle. Union Pacific filed a response asserting affirmative defenses.

¶ 2 This matter was heard by an Administrative Law Judge. During the hearing, testimony showed that the real dispute in this matter was over who should construct the fence as Union Pacific had already purchased all of the fencing materials necessary to build a new fence on the right-of-way. The Administrative Law Judge found that Union Pacific was required to repair or construct a fence along its right-of-way. Union Pacific appealed to the Commission, en banc. After a hearing before the Commission, en banc, the Commission affirmed the Administrative Law Judge's decision and issued an order directing Union Pacific to repair or build a fence along its right-of-way. Union Pacific appeals.

¶ 3 On appeal, Union Pacific asserts three propositions of error: (1) The Corporation Commission lacks subject matter jurisdiction to enforce an order requiring a railroad to repair or fence private property; (2) If the Corporation Commission has subject matter jurisdiction, its jurisdiction has been preempted by federal law; and (3) A Corporation Commission order requiring a railroad to repair or build a fence for the benefit of a private property owner denies the railroad equal protection under the law.

¶ 4 Union Pacific asserts that any action requiring a railroad to fence its right-of-way at the request of a private property owner is outside the scope of the Corporation Commission's limited jurisdiction. The Corporation Commission only has jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state. *Oklahoma Gas & Electric Co. v. Corporation Comm'n*, 1975 OK 15, ¶ 29, 543 P.2d 546, 551. A railroad is required by statute to fence its right-of-way. 66 O.S.1991 § 141. Since 1919, the Corporation Commission has been vested with the authority to enforce the installation and repair of fences along a railway's right-of-way at the request of a landowner. 17 O.S.1991 § 91. Although, there was some dispute over whether Mr. Eubanks was the landowner, it was undisputed that Mr. Eubanks ran cattle on the property in question and that Mr. Eubanks had directly contacted the Union Pacific regarding the fence. The Administrative Law Judge's decision was not contrary to the law or evidence presented. Pursuant to these statutes, the Corporation Commission has subject matter jurisdiction to enforce the installation and repair of fences between a railroad and a landowner.

¶ 5 Union Pacific's second contention is that the federal enactment of the ICC

Termination Act of 1995 preempts state law. Title 49 U.S.C. § 10501 provides that the Surface Transportation Board (Board) has exclusive jurisdiction over transportation by railroads. Contained in this provision is an express preemption clause which provides that the Board's jurisdiction extends to the "rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities". Union Pacific argues that the right-of-way is a facility of the railroad and as such is now under the purview of the Surface Transportation Board and not the Corporation Commission. Neither the ICC Termination Act of 1995 nor the case law applying the Act has defined "facilities". In *Atchison, Topeka & Santa Fe Ry. Co. v. Corp. Comm.*, 1983 OK 7, ¶ 5, 658 P.2d 479, 481, the Oklahoma Supreme Court discussed the definition of "facilities" as it applies to railroads and concluded that the term encompassed everything necessary for the convenience of passengers and the safety and prompt transportation of freight. All of the case law relied upon by Union Pacific involves depots, agencies or business offices which are undeniably facilities of a railroad. See, *Burlington Northern Santa Fe Corp. v. Anderson*, 959 F.Supp. 1288 (D. Montana 1997); *CSX Transp. Inc. v. Georgia Public Serv. Com'n*, 944 F.Supp. 1573 (N.D.Ga.1996); *Burlington Northern R. Co. v. Page Grain Co.*, 249 Neb. 821, 545 N.W.2d 749 (1996). In this instance, no facilities are on the land. The only improvements to this property are the fence and the railroad track.

■ ¶ 6 The Corporation Commission argues that the Act did not preempt the historic police powers of the state relying upon 49 U.S.C. § 20106. This provision provides that a state may adopt or continue to enforce a law related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter of the state law. No federal regulation or federal law directly addresses this issue of maintenance of a railroad right-of-way. Therefore, the Corporation Commission may continue to enforce the safety requirement that the railroad maintain a fence on its right-of-way.

■ ¶ 7 The final proposition of error is based on a denial of equal protection. Union Pacific argues the statutory requirement that railroads must construct fences on their right-of-ways is a denial of equal protection because the State of Oklahoma and its counties are not required by statute to fence their rights-of-ways. The Equal Protection Clause of the Fourteenth Amendment directs that no state shall "deny to any person within its jurisdiction the equal protection of the laws". The general rule is that legislatures are presumed to have enacted laws within their constitutional power although, in execution, their laws may result in some inequality. *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992). Accordingly, unless a classification triggers some form of heightened review because it endangers the exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439–441, 105 S.Ct. 3249, 3254–3255, 87 L.Ed.2d 313 (1985).

¶ 8 Union Pacific has not identified any suspect classification which triggers a heightened review. In *Atchison, Topeka & Santa Fe Ry. Co. v. State*, 1984 OK 29, ¶ 18, 683 P.2d 974, 979, quoting *Erie Ry. Co. v. Board of Public Utility Com'rs*, 254 U.S. 394, 41 S.Ct. 169, 65 L.Ed. 322 (1921), the Oklahoma Supreme Court found that the most obvious case of a state's police power is the state's constitutional right to require railroads to maintain their property in such form to be safe to the public. Thus, we find that the Corporation Commission had the authority to issue its Order and the Order does not violate the equal protection clause under the United States Constitution.

¶ 9 AFFIRMED.

¶ 10 ADAMS, J., and JOPLIN, J., concur.