## SIMPKINS et al. v. CORPORATION COMMISSION et al.

No. 26966. April 13, 1937.

Rehearing Denied May 18, 1937.

J. H. Huggins, for petitioners.

J. B. A. Robertson and Arthur Holloway, for respondents.

RILEY, J. R. C. Simpkins, an independent telephone operator, joined with citizens alleging themselves affected by the telephone service involved, seek in this original action a writ of prohibition, as against the Corporation Commission, to prevent enforcement of an order issued by the said commission on January 31, 1936, wherein R. C. Simpkins was adjudged in contempt of the commission for violation of its former order No. 8555, issued February 12, 1935, in cause 15416. In the last-mentioned order Simpkins was denied a certificate to build, construct, and operate a telephone exchange at Jesse, Pontotoc county, Okla., and a toll line connecting Jesse with Fittstown.

The authority of the commission in this regard is derived from chapter 270, S. L. Okla. 1917 (secs. 3714-3717, O. S. 1931). Thereby construction of a toll line or telephone exchange is made unlawful only **"in a field already occupied** by some other person, firm, association, or corporation engaged in the same business and giving similar service, unless the Corporation Commission shall find, upon proper application, that a sufficient public necessity exists therefor, and unless sufficient public convenience require the construction of such additional service." By the act, the power of the Corporation Commission extends only to a determination of a convenience and necessity for competing or duplication of telephone service. The commission is without power or jurisdiction to grant or deny approval and allowance of a telephone where entrance is sought to be made in an unoccupied field.

The said order (8555, found (par. 4) that Simpkins "does not contemplate the duplication of any telephone service now being rendered subscribers at Jesse, Oklahoma," and that "the Southwestern States Te'ephone Company now renders only rural telephone service to subscribers in and around Jesse, Oklahoma." It was found that in the field only three subscribers at Jesse connected with the Southwestern States Telephone Company's line running into Stonewall, Okla.

The commission found in said order:

"That the territory in and around Jesse, Okla., in so far as the rendition of local exchange and toll service is concerned, technically is open, but that by virtue of the rendition by the Southwestern States Telephone Company of all presently necessary service required by the community of Jesse, such company should be given the opportunity to render additional telephone service at Jesse, if and when the growth of the community in and around Jesse necessitates the rendition of local exchange and toll service."

The commission treated the informative letter of Simpkins as an application to construct telephone service as aforesaid, and denied the right of construction.

It is our view that the commission was without power under the statute, supra, to make any binding order concerning the construction of a telephone exchange or toll line in unoccupied territory. Moreover, as found by the commission, the territory here involved was unoccupied as to the service sought to be rendered by Simpkins. It follows as a matter of course that the subsequent contempt order of the commission which had for its purpose the enforcement of the original void order is likewise unenforceable.

Prohibition is a proper remedy. A., T. & S. F. Ry. Co. v. Corp. Com., 68 Okla. 1, 170 P. 1156; St. L. & S. F. Fy. Co. v. Love, 29 Okla. 523, 118 P. 259; Wilcox Oil & Gas Co. v. Walker, 168 Okla. 355, 32 P. (2d) 1044.

The alternative writ heretofore issued is made permanent, and the Corporation Commission is hereby prohibited from enforcing its contempt order heretofore issued and hereinbefore described.

BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and HURST, JJ., concur. OSBORN. C. J., and PHELPS, J., dissent. BUSBY, J., absent.

PHELPS, J. (dissenting). I cannot concur in the views reached in this case by a majority of my associates.

Section 3714, O. S. 1931, provides that:

"It shall be unlawful for any person, firm, association or corporation to hereafter construct, build or equip any public telephone, toll or long distance line or lines, or any public telephone exchange or exchanges, or commence operations of any such toll or long distance line or exchange in a field already occupied by some other person, firm, association or corporation engaged in the same business and giving similar service unless there exists a public necessity therefor, or unless the public convenience require such construction or operation."

Section 3715 provides that:

"The Corporation Commission of the state of Oklahoma is hereby vested with the jurisdiction to determine whether or not there exists a public necessity and whether the public convenience requires the construction or operation of such properties."

And section 3716 provides that:

"Before any person, firm, association or corporation shall hereafter commence the construction or operation of any public telephone toll or long distance line or lines, or any public telephone exchange or exchanges, in this state in a field already occupied by some other person, firm, association or corporation engaged in the same business and giving similar service, such person, firm, association or corporation shall first apply, by petition in writing, to the Corporation Commission for permission to construct or operate or both construct and operate such properties. * * * Any party to the proceedings aggrieved by an order of the commission in issuing or refusing such certificate, may appeal to the Supreme Court of Oklahoma, as provided in other cases of appeal from orders of the Corporation Commission."

On November 7, 1934, the Southwestern States Telephone Company gave written notice to the Corporation Commission that it operates a telephone exchange at Stonewall, Okla., and that it was rendering rural service to the town of Jesse; further stating that said notice was for the purpose of conveying to the Corporation Commission information of its intention to occupy the territory and to install, maintain, and operate first class telephone service in that vicinity and that it had already arranged for poles, wires, and other material for such construction.

On January 12, 1935, Mr. Simpkins wrote the Corporation Commission a letter, advising that he intended to commence building a toll line from Fittstown to Jesse, Okla., and to establish a local telephone exchange at Jesse.

On January 14, 1935, the Corporation Commission wrote Mr. Simpkins, in reply to his letter of January 12, as follows:

"For your information the Southwestern States Telephone Company has filed its intention of supplying this field and it is our understanding that this concern has already commenced the installation of facilities towards this end."

Then on January 16, 1935, Mr. Simpkins wrote the Corporation Commission, protesting the application of the Southwestern States Telephone Company, and in his letter stated:

"I hereby humbly request determination of our respective rights at Jesse, Oklahoma, at your earliest convenience."

In obedience to this request the cause was docketed by the Corporation Commission, proper notice given and hearing had, in which hearing Mr. Simpkins participated, and at the conclusion of this hearing the Corporation Commission refused to grant the certificate of necessity and convenience and denied Mr. Simpkins the right to occupy the territory, upon the ground that another company, which was already providing the territory with toll service, had previously expressed its intention of extending such service as the territory required. Mr. Simpkins declined to avail himself of the right to appeal as provided by section 3716, O. S. 1931, supra, and thereafter completely ignored the Corporation Commission and its order, and, without any certificate of necessity and convenience and without any authorization from the Corporation Commission, proceeded to build and operate his telephone system, entirely ignoring the orderly procedure prescribed by law.

For this he was cited for contempt of the Corporation Commission, as provided by section 3633, O. S. 1931, and upon hearing was adjudged guilty of contempt of that tribunal. He again failed to avail himself of the right to appeal from that conviction of contempt, as provided by section 3634, O. S. 1931, but in lieu of appeal in either instance, he makes application to this court for a writ of prohibition.

It is contended that Mr. Simpkins was not required to make application for a certificate of convenience and necessity and not required to obtain permission from the Corporation Commission to construct, maintain, and operate his telephone system. But

the fact remains that he did write the letter, which—to be sure—was not in regular form of petition in such matters, but it was considered by the Corporation Commission in lieu of the regular formal petition, and he said: "I hereby humbly request determination of our rights." And in obedience to this request of his the Corporation Commission gave the notice and he appeared and participated in the proceedings, and thereby submitted himself to the jurisdiction of that tribunal, and when the decision was adverse to his contention he saw fit to ignore it.

The Corporation Commission was established for the purpose of determining controversies exactly like this one; the laws of the state provide an orderly procedure before that tribunal. It safeguards the rights of a litigant therein by providing appeals to this court, and I cannot give my consent to encourage any citizen in flagrantly ignoring the orderly processes of the law, and in brazenly defying the findings, orders, and judgments of the Corporation Commission after he has invoked its jurisdiction and submitted his controversy to it.

I am unwilling to assume the duties and responsibilities which the law properly places upon the Corporation Commission, except when those duties and responsibilities come to us on appeal in the manner provided by law.

In Morrison v. Brown, 26 Okla. 201, 109 P. 237, in the first paragraph we said:

"Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available".

And in Spradling v. Hudson, 45 Okla. 767, 146 P. 588, we said:

"Where an inferior court has jurisdiction of the subject matter and the parties to an action, and an appeal lies from the orders of said court therein to the Supreme Court, prohibition will not lie, though said court may make erroneous application of the law in the determination of said cause."

In American Inv. Co. v. Wadlington, 122 Okla. 56, 250 P. 802, in the second paragraph of the syllabus, we said:

"Where a litigant has a complete and adequate remedy by appeal, writ of prohibition will not be substituted therefor. * * *"

And in El Reno Wholesale Grocery Co. v. District Court, 161 Okla. 72, 17 P. (2d) 478, in the third paragraph of the syllabus, we said:

"Where litigant has complete and adequate remedy by appeal, writ of prohibition will not be substituted therefor."

Hundreds of cases can be cited and quoted from to the same effect, but I deem it unnecessary to cite further authorities, since the rule is so well established and is so plain and unambiguous that "a wayfaring man cannot err therein."

In the instant case Mr. Simpkins had complete and adequate remedy by appeal to this court from the Corporation Commission's order denying him permission to build this telephone line and exchange. He ignored the order and declined to avail himself of his right of appeal. When he was found guilty of contempt of court he again had an adequate remedy by appeal from that conviction to this court. He again failed to avail himself of that remedy. Of course, he claims that the Corporation Commission had no jurisdiction and the majority opinion so holds, but the record shows that he invoked its jurisdiction and submitted his controversy to its jurisdiction. The Corporation Commission found a state of facts which gave it jurisdiction under the law. Then certainly his remedy was by appeal, and having twice failed to invoke the remedy provided him, the law, as I see it, does not justify him in applying to this court for a writ of prohibition, and, in my judgment, the majority opinion does violence to the law in so holding.

For the above reason, I must respectfully dissent.