**PUBLIC SERVICE COMPANY of Oklahoma, a Corporation, Petitioner,**

v.

**CORPORATION COMMISSION of the State of Oklahoma, Charles Nesbitt, Wilburn Cartwright, and Ray C. Jones, as Commissioners of the Corp. Comm. of the State of Oklahoma and Oklahoma Electric Cooperative, Inc., Respondents.**

No. 44158.

Supreme Court of Oklahoma.

Sept. 29, 1970.

Robert L. Lawrence, Sam P. Daniel, Jr., William C. Anderson, Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, for petitioner.

Jack A. Swidensky, Gen. Counsel, Oklahoma Corporation Commission, Oklahoma City, for respondent, Corporation Commission of Oklahoma.

Ferrel H. Rogers, Oklahoma City, for respondent, Oklahoma Electric Cooperative, Inc.

JACKSON, Justice:

Oklahoma Electric Cooperative, Inc., filed a complaint in the Corporation Commission of Oklahoma on February 5, 1970, alleging that it was providing electric service to four different locations on a 80 acre tract of rural land in Grady County, Oklahoma, and prayed for relief against Public Service Company of Oklahoma under the provisions of 17 O.S.1961, Sections 158.6, inclusive. The questions for decision are whether the Commission has jurisdiction to entertain the complaint and grant the relief sought, and whether the Commission should be prohibited from proceeding further with the hearing. We hold that the Commission does not have jurisdiction and should be prohibited from proceeding further.

17 O.S.1961, Sections 158.1 to 158.6, inclusive, hereinafter called the Act was adopted in 1961. Section 158.1 provides:

"No supplier of electric service shall extend or render or offer to extend or render electric service to premises (a) already receiving such service from another supplier of electric service, or (b) not receiving such service and to which premises such service is available from the facilities of another supplier of electric service through an extension not more than 500 feet in length from a distribution line unless, in either case, the other supplier of electric service consents thereto in writing or the District Court of the county in which the affected premises are located, after notice to the interested parties and hearing, finds and determines that the service rendered or to be rendered by such other supplier of electric service is inadequate and will not likely be made adequate."

The provisions of the Act apply to areas outside of the corporate limits of cities and towns. Sec. 158.3.

Section 158.6, provides:

"Said District Court of the county shall have the power and jurisdiction to enforce compliance with the Act by suppliers of electric service."

If the Corporation Commission has authority and jurisdiction to enforce compliance with the Act such authority must be found in the Constitution or other statutory law. Such authority and jurisdiction is not given to the Commission by the provisions of this Act. It is not contended that the Oklahoma Constitution either specifically or by implication gives the Commission jurisdiction to adjudicate this territorial dispute.

17 O.S.1961, Sec. 152, enacted in 1913, gives the Corporation Commission general supervision over all public utilities and enumerates some of its powers. 17 O.S. 1961, Section 153, also enacted in 1913, provides that in addition to the powers enumerated in that act (17 O.S.1961, Secs. 151 to 155, inclusive.) the "Commission shall have all additional implied and incidental powers which may be proper and necessary to carry out, perform and execute all powers herein enumerated, specified, mentioned, or indicated, * * *."

We find nothing in the 1913 Act (Sections 151 to 155, supra) which requires a supplier of electric service to obtain a certificate of necessity and convenience or

other form of franchise from the Corporation Commission before it can extend an electric service line into a rural area, and it is not so contended. If it can be said that the Commission had an implied power under the provisions of Section 153, supra, to adjudicate disputes between suppliers of electric service as to areas of service in rural areas it is significant that it never attempted to exercise that authority prior to 1961. When considering the problem of disputed areas of service by suppliers of electric service in 1961 the Legislature had a choice of leaving jurisdiction in the Corporation Commission, if that is where it was under the Act of 1913; of conferring express jurisdiction upon the Corporation Commission; or of conferring jurisdiction upon the district courts. The Legislature undoubtedly concluded that the Commission had no such implied power. However, if it concluded the Commission had such implied power which had not been exercised, it was within the power of the Legislature to remove all such implications and specifically place the power and jurisdiction to enforce the Act in the Corporation Commission.

Prior to 1961 the Legislature, so far as we have been able to determine, had never imposed any conditions or limitations on the right of a supplier of electric service to extend its lines into a rural area and to provide electric service for customers and members desiring it. When it did impose conditions and limitations it also provided (Sec. 158.1, supra) in pertinent part:

"No supplier of electric service shall extend or render * * * electric service to premises * * * (b) not receiving such service and to which premises such service is available from the facilities of another supplier of electric service through an extension not more than 500 feet in length from a distribution line unless * * * the other supplier of electric service consents thereto in writing or the *District Court* of the county * * * *finds and determines* that the service rendered or to be rendered by such other supplier of electric service is inadequate and will not be made adequate." (emphasis supplied)

■ The District Court is the only tribunal authorized to find and determine whether the available service (within 500 feet) is inadequate and will not be made adequate. The authority to make that determination was not placed in the Corporation Commission. Moreover, Section 158.6, supra, provides that the District Court shall have "the power and jurisdiction to enforce compliance with the Act by suppliers of electric service."

Our attention is invited to numerous decisions from other jurisdictions and to the broad powers of the Corporation Commission of Oklahoma. It is agreed that the Corporation Commission is a tribunal of limited jurisdiction and can exercise only those powers which are conferred by the Constitution or statutory law. The decisions from the other jurisdictions are not controlling where, as here, the jurisdiction to find and determine, and to enforce compliance with the Act, is placed in the district courts.

Jurisdiction of this original action is assumed under the provisions of Article 7, Section 4, Oklahoma Constitution, and the respondents are directed to undertake no further proceedings in Cause No. 24,136 now pending in the Corporation Commission other than to dismiss the complaint.

All the Justices concur.