**OKLAHOMA GAS & ELECTRIC COMPANY, a corporation, Petitioner,**

**v.**

**CORPORATION COMMISSION of the State of Oklahoma et al., Respondents.**

**No. 47861.**

Supreme Court of Oklahoma.

Feb. 4, 1975.

Rainey, Welch, Wallace, Ross & Cooper by Hugh D. Rice, H. Duane Stratton, Oklahoma Gas & Electric Co., Oklahoma City, for petitioner.

Roy E. Grantham, Grantham, Casey & Kirkpatrick, Ponca City, Robert M. Murphy, Berry, Murphy & Osborn, Stillwater by W. D. Greenshields, Ponca City, for respondents, Watchorn Basin Association and others.

IRWIN, Justice:

Petitioner (O G & E) proposes to construct a new electric generating station and an off-stream cooling reservoir on lands located in Noble and Pawnee Counties, Oklahoma. It has acquired part of the land necessary for this project and proposes to acquire the remaining land either by purchase or eminent domain proceedings. This proposed project is more fully explained in *Watchorn Basin Association v. Oklahoma Gas and Electric Company* (1974), Okl., 525 P.2d 1357.

The fundamental issue in this original proceeding is whether the Oklahoma Corporation Commission has the power and authority to prohibit the construction of the proposed project.

Respondents, other than the Oklahoma Corporation Commission, will be referred to as Landowners.

Landowners filed an application with the Corporation Commission and alleged, inter alia, that (1) O G & E's proposed project is not necessary for it to sufficiently supply electric power to its customers; and (2) O G & E is not making the best use of its existing generating plants. Landowners requested the Corporation Commission to conduct a hearing, and thereafter issue its order directing O G & E to abandon its proposed project.

O G & E filed its objection to jurisdiction and motion to dismiss alleging that the Corporation Commission had no jurisdiction to adjudicate the issues raised in Landowners' application.

The Corporation Commission sustained in part and overruled in part O G & E's objection to jurisdiction and motion to dismiss and retained jurisdiction concerning the two allegations in Landowners' application above set forth.

O G & E filed this original proceeding and requests this Court to assume original

jurisdiction and issue a writ prohibiting the Corporation Commission from further proceeding in the cause.

In *Merritt v. Corporation Commission* (1968), Okl., 438 P.2d 495, we held:

"The Corporation Commission is a tribunal of limited jurisdiction and has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state."

Article VII, § 4, of the Constitution grants this Court superintending control over all inferior courts, and all agencies, commissions and boards created by law. Article IX, § 20, of the Constitution provides that "writs of mandamus or prohibition shall lie from the Supreme Court to the Corporation Commission in all cases where such writs respectively would lie to any inferior court or officer."

In *Atchison, T. & S. F. Ry. Co. v. Corporation Commission* (1918), 68 Okl. 1, 170 P. 1156, we said that where the Corporation Commission makes an order in excess of its jurisdiction the writ of prohibition is the proper remedy to restrain its enforcement. In *Simpkins v. Corporation Commission*, 180 Okl. 108, 67 P.2d 961, we held that where the Corporation Commission issues an order but such order is void because of lack of authority, a subsequent order having for its purpose enforcement of the prior void order likewise is void and unenforceable. In *Public Service Corporation v. Corporation Commission* (1970), Okl., 475 P.2d 157, this Court prohibited the Corporation Commission from assuming jurisdiction to enforce the provisions of the Extension of Electric Service Act of 1961 [17 O.S.1961, § 158.1 et seq.]. In *American Bank of Oklahoma v. Adams* (1973), Okl., 514 P.2d 1191, we said that prohibition is the appropriate remedy to prevent an inferior judicial tribunal from exercising jurisdiction which it does not possess.

The above authorities support this rule: If the Corporation Commission assumes jurisdiction to adjudicate a cause where one litigant seeks a prohibitory order against another, and any prohibitory order issued by the Commission would be unenforceable because such order would be in excess of its jurisdiction, prohibition is the proper remedy to restrain the Commission from further proceeding in the cause.

Landowners are seeking an order directing O G & E to abandon its proposed project which has the effect of prohibiting O G & E from constructing such project. The Corporation Commission has assumed jurisdiction for the purpose of taking evidence and adjudicating the issues presented in Landowners' application which are: Is O G & E making the best use of its existing generating plants; and is the proposed project essential or necessary for it to sufficiently supply electric power to its customers?

If the Corporation Commission should resolve the above issues against O G & E and order it to abandon its proposed project, and such order would be unenforceable because in excess of the Commission's jurisdiction, O G & E is entitled to a writ prohibiting the Commission from further proceeding in Cause No. 25203, now pending before it.

O G & E first contends that the proposed hearing by the Corporation Commission to determine the necessity of O G & E's proposed project is in the nature of a hearing for a certificate of convenience and necessity and consequently not within the express or implied jurisdiction of the Corporation Commission.

O G & E argues that the Legislature has neither enacted legislation requiring prior approval by the Commission for the construction of a generating plant, nor enacted legislation requiring the granting of a license, permit or a certificate of public convenience and necessity by the Commission as a condition precedent to a public utility constructing power facilities. O G & E then states that it is significant to note that the Legislature has deemed it necessary for certain public utilities to acquire

certification of public convenience and necessity to construct certain facilities. As examples of this legislation, O G & E cites 17 O.S.1971, § 43, which provides that no new gin plants shall be constructed, installed, or licensed, or any old gin removed from one point to another until a satisfactory showing shall have been made to the Commission setting forth that such gin is a needed utility. 17 O.S.1971, § 131, requiring a certificate of necessity from the Corporation Commission "to construct, build or equip any public telephone, toll or long distance lines or any public telephone exchange * * *", with certain exceptions therein prescribed. 17 O.S.1971, § 159.12, requires a certificate of necessity "to construct, build or equip any water transportation line to serve the public as a common carrier of water". 17 O.S.1971, § 202, provides that every "radio common carrier" shall be required to obtain a certificate of necessity to begin or continue the construction or operation of any such radio common carrier system.

The effect of the above statutes is that certain facilities shall not be constructed or extended, or operations conducted, unless there exists a public necessity or the public convenience requiring such construction or operation. The Corporation Commission was granted the authority to determine the issues of public convenience and necessity and to issue the certificates of authority.

Landowners have cited no specific statutory provisions similar to those above set forth, that require a public utility, such as O G & E, to obtain a certificate of necessity or authority from the Corporation Commission as a condition precedent for the construction of a generating plant or power facilities. Landowners rely on general statutes only and the primary statute relied upon is 17 O.S.1971, § 152, which, inter alia, provides:

"The Commission shall have general supervision over all public utilities, with power to fix and establish rates and to prescribe rules, requirements and regulations, affecting their services, *operation,* *and the management and conduct of their business;* shall inquire into the management of the business thereof, and the method in which same is conducted. * * *." (emphasis supplied)

Landowners contend that since the above statute grants the Corporation Commission general supervision over the operation, management and conduct of the business of all public utilities, the Commission has the authority to determine whether O G & E should construct the project, and if it finds it should not, it may prohibit its construction.

In *Public Service Company,* supra, [475 P.2d 157], we said:

"17 O.S.1961, Sec. 152, enacted in 1913, gives the Corporation Commission general supervision over all public utilities and enumerates some of its powers. 17 O.S.1961, Section 153, also enacted in 1913, provides that in addition to the powers enumerated in that act (17 O.S. 1961, Secs. 151 to 155, inclusive) the 'Commission shall have all additional implied and incidental powers which may be proper and necessary to carry out, perform and execute all powers herein enumerated, specified, mentioned, or indicated, * * *.'

"We find nothing in the 1913 Act (Sections 151 to 155, supra) which requires a supplier of electric service to obtain a certificate of necessity and convenience or other form of franchise from the Corporation Commission before it can extend an electric service line into a rural area, and it is not so contended. * * *."

If § 152, supra, does not require a supplier of electric service to obtain a certificate of necessity and convenience or other form of approval from the Corporation Commission before it can extend an electric service line into a rural area, which in effect constitutes the construction of new facilities, said section does not require authorization from the Commission before O G & E may construct its proposed project.

If this Court should construe § 152, supra, to mean that it authorizes the Commission to regulate and supervise the operation, management and conduct of the business of O G & E to the extent that it may prohibit the construction of the proposed project, we would have to hold that such Legislative enactment authorizes the Corporation Commission to regulate and supervise the internal management and conduct of O G & E as distinguished from its public duties and obligations.

Article IX, § 19, Okla.Const., provides:

"* * * The Commission may be vested with such additional powers, and charged with such other duties (not inconsistent with this Constitution) as may be prescribed by law, in connection with the visitation, regulation, or control of corporations, or with the prescribing and enforcing of rates and charges to be observed in the conduct of any business where the State has the right to prescribe the rates and charges in connection therewith, or with the assessment of the property of corporations, or the appraisement of their franchises, for taxation, or with the investigation of the subject of taxation generally * * *."

In *Southern Oil Corporation v. Yale Natural Gas Co.*, 89 Okl. 121, 214 P. 131, we said:

"By section 18, art. 9, of the Constitution, the Corporation Commission was granted the power and authority and charged with the duty of supervising, regulating, and controlling all transportation and transmission companies doing business in the state and by section 19, art. 9, of the Constitution, it was provided that the Corporation Commission might be vested with such additional powers and charged with such other duty as might be prescribed by law in connection with the visitation, regulation, and control of corporations, or with prescribing or enforcing rates and charges to be observed in the conduct of all business where the state has the right to prescribe the rates and charges in connection

therewith. Under the Constitutional authority thus conferred, the Legislature by chapter 93, Session Laws 1913, (Sec. 152, supra, being a part thereof) extended the jurisdiction of the Corporation Commission, so as to include public utilities other than transportation and transmission companies. By this act the Corporation Commission was vested with the power to fix and establish the rates to be charged by public utilities for the commodity furnished by them, * * *."

Insofar as pertinent herein, the additional powers as may be legislatively bestowed upon the Commission under § 19, supra, of the Constitution, relates only to those matters "where the State has the right to prescribe the rates and charges in connection therewith". *Wagoner Gas Co. v. State,* 164 Okl. 159, 23 P.2d 645.

Sec. 19, supra, of the Constitution, vesting in the Commission the additional powers therein enumerated, when considered in connection with Art. IX, § 18, Okla.Const., must be construed to mean obligations of a corporation with reference to its *public duties* for § 19, supra expressly states that the Commission may be vested with such additional powers and charged with such other additional duties (not inconsistent with the Constitution), as may be prescribed by law. Such additional powers are not new powers, but merely extensions or broadening of existing powers and may be established by the Legislature. However, if additional powers are conferred upon the Corporation Commission which are inconsistent with the Commission's constitutional powers, compliance with the provisions of Art. IX, § 35, of the Oklahoma Constitution, is mandatory. See *St. Louis-San Francisco Ry. Co. v. State* (1953), Okl., 268 P.2d 845.

Art. IX, § 35, of the Oklahoma Constitution, provides:

"After the second Monday in January, nineteen hundred and nine, the Legislature may, by law, from time to time, alter, amend, revise, or repeal sections from eighteen to thirty-four, inclusive,

of this article, or any of them, or any amendments thereof: Provided, That no amendment made under authority of this section shall contravene the provisions of any part of this Constitution other than the said sections last above referred to or any such amendments thereof."

17 O.S.1971, § 152, was enacted in 1913. See 1913 Oklahoma Session Laws, C. 93, p. 150, § 2. That enactment made no attempt to alter, amend, revise or repeal any provisions of the Constitution but as set forth in the Title, it was: "AN ACT to extend the jurisdiction of the Corporation Commission over the rates, charges, services and practice of water, heat, light and power companies, and to give the Commission general supervision over such utilities * * *." In connection with altering, amending, revising or repealing certain constitutional provisions by legislative enactment, see 1941 Session Laws, pages 544–547, which was published in the Session Laws as a Constitutional Amendment and the Title was "AN ACT amending Sections 20, 21, 22, 24, and 34, of Article 9, of the Constitution of Oklahoma and repealing Section 23, of said Article 9, pursuant to authority vested in the Legislature by Section 35, of said Article, * * *." That enactment is now part of our Constitution.

■ The Legislature did not alter, amend, revise or repeal any section of the Constitution within the purview of and as prescribed by § 35, supra, of the Constitution. However, under § 17, supra, of the Constitution, the Legislature could vest the Corporation Commission with such additional duties (not inconsistent with the Constitution) in connection with the visitation, regulation, or control of corporations. Since it must be presumed that the Legislature did not intend to enact an unconstitutional statute (McGrady v. Western Farmers Electric Cooperative, Okl., 323 P. 2d 356), or vest the Commission with additional powers or duties that would be inconsistent with the Constitution, our construction of § 152, supra, should, if at all possible, harmonize with the Legislative in-

tent. Therefore, in construing § 152, we will assume that the Legislature intended to vest in the Corporation Commission only those additional duties that would be consistent with and within the purview of its constitutional authority.

■ The Corporation Commission has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state. Merritt, supra, (438 P. 2d 495). However, without compliance with Article IX, § 35, of the Constitution, the Legislature may not vest in the Corporation Commission, duties which are inconsistent with its constitutional duties. Therefore, if the language of § 152, supra, could be construed to mean that the Corporation Commission may supervise and regulate the operation, management and conduct of the business of O G & E to the extent that it may prohibit the construction of the proposed project, such authority may not be inconsistent with the Commission's constitutional powers.

■ Although the Corporation Commission has general supervision over all public utilities, the Constitution does not clothe it with the general power of internal management and control incident to ownership. The Commission has the power to supervise and regulate the public duties and obligations of such utilities but is not empowered to substitute its judgment for that of the utilities concerning their internal management and control.

In discussing the power of the Corporation Commission to invade the discretion of corporate management, in Lone Star Gas Co. v. Corporation Commission, 170 Okl. 292, 39 P.2d 547 at 553, the Court said:

"The order entered by the Commission * * * purports to control the expenditures to be made by Community for its operations.

"The powers of the Commission are to regulate, supervise, and control the public service companies in their services

and rates, but these powers do not extend to an invasion of the discretion vested in the corporate management. It does not include the power to approve or disapprove contracts about to be entered into, nor to the approval or veto of expenditures proposed. The powers of the Commission, as respects the acts of public service companies, are limited to an investigation of these acts to determine whether or not they have a reasonable and fair effect upon the rights of the public, and to take steps to avoid an unreasonable or unfair or prejudicial effect upon the public rights, if such be found.

"To give an illustration of what we mean. The Commission had no power to prohibit the unification of the companies involved herein, and has no power to dissolve their relationship. It had no power of inspection or approval of the contracts between these companies. But now that such contracts are made and are put forward as establishing certain rights upon the part of contracting parties, the Commission may ascertain their effect upon the public rights and approve, modify, or reject such effect, if found to be unreasonable, unfair, or prejudicial. * * *."

▇ The Constitution simply does not confer upon the Corporation Commission, either expressly or by necessary implication, the power to regulate, supervise and control the internal management and control of a public utility to the extent that it may prohibit the construction of the proposed project by O G & E. Although the necessity for, or the reasonableness of O G & E's proposed project might be material in future proceedings involving O G & E's public obligations and duties, O G & E's public duties and obligations are not an issue here.

Since the Constitution does not empower the Corporation Commission to regulate and supervise the internal operations of a public utility, such as O G & E, to the extent that it may prohibit O G & E from constructing the proposed project, a Legislative enactment, not enacted pursuant to

and within the purview of Article 9, § 35, of the Constitution empowering the Commission with such authority, would be inconsistent with the Commission's constitutional powers. Therefore, we construe § 152, supra, to mean that the Corporation Commission is vested with the power to regulate and supervise the operation, management and conduct of the business of utilities under its jurisdiction, insofar as its public duties and obligations are concerned, but does not empower the Commission with such powers concerning the internal operation and management of such utilities to the extent that the Corporation Commission has the authority to prohibit the construction of the proposed project by O G & E.

Application to assume original jurisdiction granted; writ of prohibition granted; and the Corporation Commission is prohibited from further proceeding in Cause No. 25203, except for dismissal of that proceeding.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., not participating.