Dear Honorable Morgan,
The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question:
Does Section 7 of Enrolled House Bill 1157 First Session of theThirty-Seventh Legislature, codified as 74 O.S. 180.3 (1979), constitutean unconstitutional transfer of powers granted the Corporation Commissionby the Oklahoma Constitution?
House Bill 1157, Section 7 First Session of the Thirty-Seventh Legislature, codified as 17 O.S. 180.3 (1979), states as follows:
 "The Corporation Commission is hereby authorized to employ three (3) Administrative Officers who shall together serve as an Administrative Review Panel for the Corporation Commission. The Panel shall have power to determine or otherwise dispose of any cases that are assigned to it by the Corporation Commission. The decisions of the Review Panel, when made, shall be final, and shall be appealable to the Supreme Court in the manner as is provided by law for appeals from the Corporation Commission. The Panel shall have jurisdiction to issue such writs, orders, or any other process when necessary in any case assigned to it by the Corporation Commission, in like manner as is provided to the Commission by law. A decision by the Panel may be reviewed if a majority of the Commissioners direct that certiorari be granted, and the Commission may by order recall a case from the Panel. Members of the Panel shall be in the unclassified service and shall serve at the pleasure of the Corporation Commission."
In order for one to properly analyze House Bill 1157, Section 7, codified as 17 O.S. 180.3 (1979), one must review the Oklahoma Constitutional provisions dealing with the Oklahoma Corporation Commission. Article IX, Section 18, of the Oklahoma Constitution sets out the powers and the duties of the Corporation Commission, notice requirements, process for witnesses, and authority of the Legislature and municipal powers. Article IX, Section 35, of the Oklahoma Constitution allows the Legislature to alter, amend, revise or repeal from Article IX, Section 18 to Article IX, Section 34 inclusive. Article IX, Section 35 states as follows:
 "After the second Monday in January, nineteen hundred and nine, the Legislature may, by law, from time to time, alter, amend, revise, or repeal sections from eighteen to thirty-four, inclusive, of this article, or any of them, or any amendments thereof: Provided, that no amendment made under authority of this section shall contravene the provisions of any part of this Constitution other than the said sections last above referred to or any such amendments thereof."
It is well settled that Article IX, Section 35, authorizes the Oklahoma Legislature to alter, amend, or repeal sections Article IX, Section 18 — Article IX, Section 34, inclusive. Oklahoma Gas Electric Co. v. Corporation Commission, Okla., 543 P.2d 546 (1974); St. Louis-San Francisco Ry. Co. v. State, Okla. 268 P.2d 845 (1953); Cotton Ginners Association v. State, Okla., 51 P.2d 327 (1935).
Prior authority in Oklahoma seems to hold that the Legislature may alter, amend or revise Article IX, Section 18 — Article IX, Section 34, inclusive, by implication. Crawford v. Corporation Commission, Okla., 106 P.2d 806 (1940); and Russell v. Walker, 160 Okla. 145,15 P.2d 114 (1932). However, the more recent cases hold that the Legislature must be specific in the legislation that is repealing, altering, or amending Article IX, Section 18 through Article IX, Section 34, inclusive. Oklahoma Gas Electric Co. v. Corporation Commission, supra; and St. Louis-San Francisco Ry. Co. v. State, supra; and Cotton Ginners Association v. State, Okla., 51 P.2d 327 (1935). Thus, the Attorney General deems this to be the proper method in that members of the Legislature and the public will be made aware of the alteration of the State Constitution which was adopted by the vote of the people.
When the Legislature amends, alters or revises the constitutional provisions of Article IX, Section 18 — Article IX, Section 34, inclusive, the Legislature must state in the amending act that the Legislature is acting pursuant to Article IX, Section 35, of the Oklahoma Constitution. Also, the Legislature must specifically state those provisions which it intends to amend, revise or alter in Article IX, Section 18 — Article IX, Section 34, inclusive. The courts do not favor amendment by implication. Oklahoma Gas Electric Co. v. Corporation Commission, supra.
In St. Louis-San Francisco Ry. Co. v. State, supra, the Supreme Court, in deciding whether a statute altered, repealed, revised, or amended either Article IX, Section 18 or Article IX, Section 19 of the Oklahoma Constitution stated:
 "If amendment of the Constitution is desirable to grant new or additional powers, the amendment should be expressed as a constitutional amendment and incorporated in the instrument as such, that it may be readily so understood and given that respect and consideration which constitutional provisions are entitled to in the administration of the law."
Neither the title nor the text of House Bill 1157 expressly amends, alters nor revises Article IX, Section 18 — Article IX, Section 34, inclusive, of Article IX of the Constitution of the State of Oklahoma.
In Oklahoma Gas Electric Co. v. Corporation Commission, supra, the Supreme Court stated that:
 "However, without compliance with Article IX, Section 35, of the Constitution, the Legislature may not vest in the Corporation Commission, duties which are inconsistent with its constitutional duties."
House Bill 1157, Section 7, codified as 17 O.S. 180.3 (1979), attempts to create an Administrative Review Panel under the Corporation Commission and allow the Corporation Commission to delegate to this Board duties which are specifically imposed by the Constitution of the State of Oklahoma upon the Corporation Commission.
In discussing the delegation of powers in Cotton Ginners Association v. State, supra, the Oklahoma Supreme Court stated that:
 "The delegation of legislative powers to this court, other than as contained in the Constitution as originally adopted, would violate this provision of the Constitution, and, with the restriction contained in section 36, supra, the construction contended for would necessarily fall, unless there is embraced within Article IX, Section 18 to Article IX, Section 34, inclusive, specific authority for such delegation."
There exists within Article IX, Section 18 — Article IX, Section 34, inclusive, no specific authority for the delegation which it attempted by House Bill 1157, 7, codified as 17 O.S. 180.3 (1979).
It is, therefore, the official opinion of the Attorney General thatHouse Bill 1157, Section 7, codified as 17 O.S. 180.3 (1979), is notconstitutionally enacted. A three-member Administrative Review Panelcannot be created unless the legislation that creates the three-memberAdministrative Review Panel is enacted in conformity with Article IX,Section 35, of the Oklahoma Constitution.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN F. SHANBOUR, ASSISTANT ATTORNEY GENERAL